JOSEPH ROBSON, Appellant, v. CHARLES H. KRAMER, Administrator, et al., Appellees.

No. 41485.

NOVEMBER 22, 1932.

REHEARING DENIED MARCH 8, 1933.

G. C. Dalton, Fagan & Fagan, and Graham & Graham, for appellant.

Clark, Byers, Hutchinson & Garber, and Lyle Musmaker, for appellees.

■ BLISS, J.—This action in equity was brought in the district court of Polk county, Iowa, by Joseph Robson, in April, 1931, against the administrator of the estate of Emma Hoffman Robson, deceased, Barbara Hoffman, mother of the deceased and her sole heir at law, and the guardian of Barbara Hoffman, to annul a decree of divorce granted in that court, on July 9, 1926, in an action brought by Emma Robson against the plaintiff herein.

As grounds for the relief prayed, the plaintiff alleged that, since neither he nor his wife was a resident of Polk county, the district court thereof was without jurisdiction to grant the decree of divorce. He also alleged that a fraud was thus practiced upon the court, and that he also was tricked into accepting service of notice, entering appearance, and consenting to a determination of the issues. He further alleged the death of his wife, and prayed that the decree of divorce be set aside, and that he be declared entitled to share in the estate of his deceased wife.

The defendants answered, admitting the decree and averred its validity, and alleged that, if any fraud or collusion was practiced in obtaining the decree, the plaintiff herein was a party thereto, and was in court with unclean hands, and further alleged that plaintiff had accepted the benefits of the decree and was estopped to question its validity.

Defendants' motion to dismiss the action, made at the close of plaintiff's testimony, was sustained.

Where property rights are involved, we have held that the validity of a decree of divorce may be retried and redetermined, even though one of the parties to the divorce action is dead. Wood v. Wood, 136 Iowa 128, 113 N. W. 492, 12 L. R. A. (N. S.) 891, 125 Am. St. Rep. 223; Dennis v. Harris, 179 Iowa 121, 153 N. W. 343; Lawrence v. Nelson, 113 Iowa 277, 85 N. W. 84, 57 L. R. A. 583.

We will briefly state the facts disclosed by the record.

Joseph and Emma Robson were married January 26, 1912, and from that time until the latter part of June, 1926, lived upon the husband's farm in Adair county, about three and a half miles from the town of Casey. No children were born to them. The wife worked hard, both in and out of the house. Their married life was not all harmony and happiness.

On June 15, 1926, at Casey, in Guthrie county, she verified before C. E. Berry, as notary public, a petition for divorce which had been prepared and was signed by C. E. Berry as her attorney. The

petition alleged defendant's cruel and inhuman treatment as grounds for divorce. The venue of the action was stated in the action to be the district court of Polk county, Iowa, July, 1926, term. On the same day, June 15, 1926, Joseph Robson, the plaintiff in this action and the defendant in the divorce action, by written instrument, waived time and accepted "full, due, and legal service" of an original notice of the divorce action, which notice recited that the petition therein would be filed in the clerk of said court's office on or before July 3, 1926, for the July term of said court, commencing July 5, 1926. It fairly appears that the acceptance of service was signed either in the office of Berry, in Casey, or in the office of P. L. Sever, the attorney for Robson, at Stuart, in Guthrie county.

On June 17, 1926, an information of insanity was sworn to by one A. W. Egger, charging Emma Robson to be insane and a fit subject for custody and treatment in the hospital for the insane. The information stated that her legal settlement was in Walnut township, Adair county, Iowa. On a warrant issued June 18, 1926, she was taken on that day by the sheriff of Adair county, accompanied by her husband, to the insane commission of that county, at Greenfield. A physician was appointed to examine her, but little was apparently done, and she was permitted to return home with her husband that day. Three or four days later, her husband and Attorneys P. L. Sever and C. E. Berry, and Mrs. Robson, again went to Greenfield. A hearing was had, and on the same day she returned home with the plaintiff herein. The husband apparently took no part in these proceedings other than to do what he could to protect his wife. Three or four days later, Robson took his wife to Casey, and they and Sever and Berry all went on the train to Des Moines. Robson said he was informed by Sever that the trip was taken to get matters straightened out so that his wife would not have to go to the insane asylum. He said he had no knowledge that the trip was in connection with her divorce action. He returned to his home that afternoon, and was not afterwards in Des Moines.

Just what was done by Mrs. Robson or the attorneys in Des Moines does not appear. In fact, the record proper does not disclose where Mrs. Robson was, whether in Polk county or elsewhere, between the date of her arrival and July 8, 1926.

On July 2, 1926, the petition for divorce was filed in the office of the clerk of the district court of Polk county. On July 6, 1926, the charge of insanity against Mrs. Robson was dismissed by order

of the commissioners of insanity of Adair county. On July 8, 1926, the trial of the divorce action was had before Judge Thompson of the Polk county district court. Joseph Robson was not present. His attorney, P. L. Sever, was present, and on that day filed an "Appearance and Waiver" signed by himself as attorney for the defendant Robson, which writing stated that the defendant thereby entered his personal appearance in the cause and waived the time of the commencement of the action, waived personal service of the original notice, and consented that the court might try and determine said cause any time during the July, 1926, term of court. It further recited that his personal appearance was made in addition to his appearance by his duly authorized attorney, P. L. Sever. This instrument had been verified, subscribed, and sworn to by Robson before a notary public at Stuart on July 3, 1926. The verification recited that he was the defendant named therein, that he had heard read the foregoing appearance, and that the statements therein were true and in accordance with his wishes in the matter. The only jurisdictional allegation in the petition was "that this plaintiff and defendant are residents of this state and have been for the past twenty years."

The decree in the divorce action recited that an answer was filed, but it was not introduced in evidence in the present action, and its contents are not properly before us.

There is also nothing in the record in this action showing what evidence was introduced in the divorce action. The appellees have certified to this court the files of the divorce action, of which all but the answer are exhibits herein, and they have also certified to this court a transcript of the testimony in the divorce action. However, the defendants saw fit to rest their case at the close of the plaintiff's evidence and introduced no testimony, and they cannot now bring before this court by certificate what they failed to introduce and make a part of the record below. Brewster v. Brewster, 194 Iowa 803, 188 N. W. 672; Dolan v. Newberry, 200 Iowa 511, 202 N. W. 545, 205 N. W. 205; Melvin v. Melvin, 198 Iowa 1283, 1287, 201 N. W. 7.

The trial in the divorce action was concluded on July 8, 1926. Immediately afterwards, Attorneys Berry and Sever told Mrs. Robson to not return to Casey or to her home nearby for three days or a week. She made no reply, but she returned to the home of her husband in Adair county that evening.

Sometime prior to the trial in the divorce action, a stipulation settling alimony and property rights was signed by Robson, whereby he agreed to pay $4,000 as alimony for Mrs. Robson. The stipulation was not introduced as evidence in this action.

On July 9, 1926, Judge Thompson entered a decree reciting the appearances, the introduction of testimony, and submission of the cause, and found the plaintiff therein entitled to divorce on the ground alleged. There was no express finding in the decree that the court had jurisdiction of the subject-matter or of the parties. The decree confirmed the alimony settlement and gave judgment for the amount and made it a lien on the defendant's quarter section of land in Adair county. The decree also ordered Mrs. Robson to assume her maiden name of Emma Hoffman.

In the evening of the day of the decree, Sever telephoned Robson that the decree of divorce had been granted to his wife. Joseph Robson paid the alimony by paying Berry $500 for his fees as attorney for Mrs. Robson in the divorce action. For the balance of $3,500, he gave his note on July 30, 1926, to P. L. Sever, who indorsed it to Emma Hoffman. Robson paid the interest to her for three years, and then he paid the note in full to her guardian.

After Emma Robson had been at the home of Robson for ten days or two weeks after the divorce, the neighbors began complaining of her presence there. It was known in the neighborhood that she went to Des Moines to get the divorce, and whether it was thought that it was improper to remain in Robson's home thereafter or because her mental lapses were the cause of the neighbors' complaints does not appear.

Attorney Berry asked her to leave, but she protested vehemently, and said it was her home. She finally left with Berry for her brother's home about six miles south, where she remained until the following February, when she spent another week at the Robson home. Thereafter she lived with her parents in Greenfield, or with relatives.

On May 8, 1928, she was adjudged insane and sent to a state hospital. A guardian was appointed for her and her property. She died intestate November 23, 1929, leaving no heirs but her mother, aged eighty-four, and mentally incompetent. She left cash on hand of $2,981.63, lots in Casey, town property in Greenfield, and a one-ninth interest in 400 acres of Adair county land received from her parents.

Joseph Robson married again on February 5, 1931. He was told by an attorney in February, 1930, that the decree of divorce was illegal, and that about $2,000 of the money left by his deceased wife was from the alimony he paid her.

The issues argued are:

1. Did the district court of Polk county have jurisdiction to try and to determine the divorce action?

2. Is the appellant in position to question the jurisdiction of that court, or the validity of the divorce decree?

We do not feel called upon to answer the first question or to determine whether the district court of Polk county had jurisdiction to grant the divorce, or to determine whether the fact of its jurisdiction could be passed upon and determined by the trial court in this action. It is our judgment that whether the Polk county district court had or had not jurisdiction in the transaction is immaterial, and does not avail the plaintiff. Even though that decree be wholly void, he is not situated to take advantage of that fact.

The appellant contends that he knew nothing of the divorce proceedings, and that he was deceived into signing the various files in the case. One cannot read the record and be convinced of the sincerity or the truth of this contention.

Robson, in our judgment, was not only the aider and abettor of his wife in the divorce matter, but he was the instigator of it.

He participated in a fraud upon the trial court in soliciting its action to pass upon the issues involved in the suit brought by his wife, and to enter decree therein. He acquiesced in and accepted that decree by paying the alimony provided therein. He has had the benefit of whatever rights and privileges accrued to him under the decree. This court must leave him where he has placed himself. By his conduct he has estopped himself to question the decree which he seeks to set aside. We will content ourselves with the citation of but a few authorities from this and other courts. Ellis v. White, 61 Iowa 644, 646, 17 N. W. 28; Baird v. Connell, 121 Iowa 278, 286, 96 N. W. 863; Mohler v. Shank's Estate, 93 Iowa 273, 61 N. W. 981, 34 L. R. A. 161, 57 Am. St. Rep. 274; Newcomer v. Newcomer, 199 Iowa 290, 201 N. W. 579; Starbuck v. Starbuck, 173 N. Y. 503, 66 N. E. 193, 93 Am. St. Rep. 631; Ellis' Estate, 55 Minn. 401, 56 N. W. 1056, 23 L. R. A. 287, 294, 43 Am. St. Rep. 514; Simons v. Simons,

47 Mich. 253, 645, 10 N. W. 360. See, also, brief in 60 L. R. A. 294. The decree must be, and is, affirmed.—Affirmed.

STEVENS, C. J., and EVANS, ALBERT, KINDIG, and CLAUSSEN, JJ., concur.