SUSIE STAPLES, Appellee, v. FRED A. STAPLES, Appellant.

No. 46973.

Edward J. Dahms, of Cedar Rapids, for appellant.

Remley & Remley, of Anamosa, for appellee.

Mantz, J.—The record in this appeal presents a novel and unusual situation. The litigants, Susie Staples and Fred A. Staples, were married on December 30, 1908. Fred A. Staples is now seventy-four years old and Susie Staples is sixty-seven. On April 6, 1938, Susie was granted a divorce from her husband, on the charge of cruelty, by the Honorable H. C. Ring, one of the judges of the Eighteenth Judicial District of Iowa. In the case there was a personal appearance by the parties. Plaintiff in said case was represented by Attorney Edward J. Dahms, of Cedar Rapids, Iowa.

On the 8th day of April 1939, Susie Staples and Fred A. Staples, principals in the divorce proceedings, with Attorney Dahms representing them, personally signed a stipulation, prepared by Dahms, which requested the court to set aside the divorce decree of April 6, 1938. This was filed on May 19, 1939. As this stipulation seems to be the storm center involved herein, we set it out in full:

"The parties to this suit after due consideration and deliberation have decided that the hearing and trial of this matter was brought about by a misunderstanding between them, and they desire to have the said decree dated the 6th day of April, 1938, in this cause set aside and held for naught, and plaintiff and defendant both join in this application and request the Court to set the said decree filed in this cause aside and declare the same for naught so that the parties may be in the same status that they were prior to the hearing and

trial thereon, and for said purpose they join in this application and ask for the Court to so order.

Dated at Cedar Rapids, Iowa, this 8th day of April, 1939.

Susie Staples

Fred A. Staples.''

On the 19th of May 1939, Attorney Dahms presented said stipulation to Judge Ring and the court made an order setting aside the divorce decree of April 6, 1938, said order being as follows:

''And now to-wit on this 19th day of May, 1939, it being one of the regular days of the May 1939 Term of this Court the foregoing stipulation and request is presented to the·Court for consideration.

And the Court having considered the same and heard the statements of counsel and being fully satisfied and advised in the premises finds that the parties to this action had been divorced because of a misapprehension and misunderstanding between them; and that they have repented their act and regret that the same should have been necessary after all their many years of married life; and the Court therefore now finds that the said parties have requested said decree to be set aside and held for naught; and the Court further finds that it should be done.

It is now therefore ordered, adjudged, and decreed that the decree of·divorce filed in this cause on the 6th day of April, 1938, be, and the same is hereby annulled, set aside and held for naught, and the status of the parties is declared to be the same as it was prior to the time of the hearing and filing of said final decree herein.

All of which is finally ordered the date first above written.

s/H. C. Ring,

. Judge 18th Judicial District of Iowa.''

Appellee was personally present when the application was presented to Judge Ring. No appeal was taken from the above order. In April 1946, Fred A. Staples filed in the district court of Jones County, Iowa, a motion to cancel, expunge,

and declare void the order of May 19, 1939. Fred A. Staples, the maker of the motion, was represented by Attorney Dahms. Said motion, in substance, refers to the divorce of April 6, 1938, the stipulation of April 8, 1939, the order of Judge Ring of May 19, 1939, alleging that the same was null and void and of no effect and was in violation of the statutes of Iowa, and asks the court to expunge, cancel, and set aside the order of May 19, 1939, and to determine the status of the parties. Susie Staples appeared personally and by counsel and resisted said application, reciting the stipulation of April 8, 1939, the order of Judge Ring of May 19, 1939, and the appearance of both parties.

In her answer filed she further alleged that since the order of Judge Ring she and Fred A. Staples had lived together as husband and wife and had carried on the usual marital relations; had relied upon the fact that the decree of divorce had been set aside and that the parties had acted upon such understanding. She pleaded in addition that Fred A. Staples was estopped from raising any question as to the validity of the order setting aside the decree; declared that the court had jurisdiction to make the order of May 19, 1939; that such order was not appealed from and is binding and enforceable; that the motion does not set out facts sufficient to constitute a legal cause to set aside the order; also that the order of May 19, 1939, entered upon agreement and stipulation, is valid and binding and cannot now be set aside. She asked that the application be dismissed.

At the time said motion was presented Judge Ring was deceased and the same was presented to Judge J. E. Heiserman, one of the judges of the same district.

Both parties appeared by counsel, a hearing was had, in which evidence was taken, and on May 15, 1946, the motion of Fred A. Staples was overruled and denied and this appeal followed.

▉ I. Summed up, this is the situation which confronts us: In 1908, the parties were married; they had children, now grown; on April 6, 1938, the appellee was granted a divorce; on April 8, 1939, both parties signed a stipulation

petitioning the court which granted the divorce to set it aside, stating it had been secured by reason of a misunderstanding between them; that on May 19, 1939, the court set it aside on the grounds alleged in the stipulation and request; that no appeal was taken thereto by either party; that the parties resumed marital relations and lived together as husband and wife until April 1946, when the husband, appellant herein, moved the court to cancel, expunge, and declare void the order of May 19, 1939, wherein the divorce decree of April 6, 1938, was set aside, on the ground that Judge Ring was without jurisdiction to make such order. The motion was resisted and the trial court sustained such resistance, thereby holding that the parties were legally married and then had the status of husband and wife. The correctness of the ruling by Judge Heiserman is directly involved and the order of Judge Ring of May 19, 1939, is likewise involved.

The action is in equity and the case is tried here de novo.

II.   Appellant's claim for reversal of the order of Judge Heiserman is based upon the ground that as more than a year had elapsed since the decree of divorce, the court was without jurisdiction to set such decree aside. Section 12790, Code of 1939, Rule 253(a), Rules of Civil Procedure.

On the other hand, appellee resists such claim of appellant, alleging that the court in setting aside the decree of divorce had jurisdiction of the subject matter and of the parties and therefore had a right to make the order canceling the decree of divorce. Appellee further sets forth in pleading the claim that the appellant is estopped to question the order canceling the divorce decree in that he actively participated in procuring the same and that for something like seven years following May 19, 1939, had observed and ratified said order.

We think that this appeal can be disposed of on the second ground urged by appellee, to wit, that of estoppel. To appellee's plea of estoppel and her claim of seven years' resumed marital relations the appellant filed no reply. He offered no evidence to contradict that offered by her in support of her pleaded claim.

Under the record we do not find it necessary to pass upon the question raised as to the jurisdiction of the court to set aside the divorce decree.

We are of the opinion that appellant is estopped to question the order of Judge Ring of May 19, 1939. The record shows without dispute that appellant and appellee became reconciled shortly after the divorce decree; that they agreed that their actions in securing the same grew out of a mistake and a misunderstanding and they desired to resume the marital relation. Appellant went to the home of appellee on different occasions and there this matter was discussed and an agreement was reached between them to ask the court to set aside the decree of divorce.

III. The record shows without dispute that appellant actively participated in securing the order of May 19, 1939, and such, added to his conduct following such order, estops him in his asking in this proceeding. The matter of the estoppel was raised by appellee in her resistance to the motion of appellant of April 1946. No answer was filed resisting such claim.

At the hearing before Judge Heiserman appellee testified as to the circumstances under which the order of Judge Ring on May 19, 1939, was obtained. She testified in substance that, following the divorce she and appellant talked matters over and decided that the divorce grew out of a misunderstanding, and that they talked about living together again and had an agreement to that effect; that she and her former husband went to the office of Attorney Dahms, and after talking to him, he drew the stipulation. She said: "We could have been married right there in the court house; * * * At that time my husband and I wanted to be remarried." She testified further: "By signing the paper, both myself and husband were asking the decree of divorce to be set aside." We quote a few questions and answers in response to the inquiry concerning the making of the stipulation:

"Q. What were you told this would do? A. Well, it was as good as being married by a preacher. We could have been married right there in the court house by the judge. Q.

And then after awhile, did you and your husband do anything about making it proper for you to live together again? A. Yes. Q. And what did you do? A. Well, he was welcome to come home when he wanted to. Q. Then did you and your husband go some place to have papers made out so that you could live together again? A. Yes. Q. Where did you go? A. Well, to Mr. Dahms. Q. Did Mr. Dahms draw up some paper? A. Yes, he drew up a stipulation. Mr. Dahms said it was as good as having a preacher to be married that way. I signed the stipulation and my husband signed the stipulation. I saw my husband sign the stipulation. We both signed it in Mr. Dahms' office. Q. What were you told this would do? A. Well, it was good as being married by a preacher. We could have been married right there in the court house by the judge. By signing the paper, both myself and husband were asking the decree of divorce to be set aside. Q. And you were told that was the way to bring it about? A. I did not question that, you know. I thought it was as good as being married by a preacher, what I was signing. I went before Judge Ring at the time of the hearing on this stipulation and the court made an order setting my divorce aside. Q. At that time, what did you and your husband want done? A. To be remarried. This is the course that was taken in order to bring it about."

On cross-examination appellee testified that after the divorce decree was set aside she and her husband (appellant) lived together in the home and while there, for a period of about seven years, carried on normal marital relations. It is quite evident from this record that these parties believed that the order of the court setting aside the divorce decree was the same as being married again. Appellee testified that they were so advised.

None of the testimony of the wife (appellee) is denied by appellant. At the hearing he did not take the witness stand.

Another witness, who lived at Perry, Iowa, and who knew the parties testified that appellee visited her home and traveled there on a pass issued by the Milwaukee road to "Fred A. Staples and wife"; that she saw it in 1940 and as late as 1944.

We hold that appellee's plea of estoppel is good. In this case the estoppel of appellant is shown by the stipulation to

which he was an active participant; also by his conduct for about seven years following. He disputes neither. This court has frequently had before it such question of estoppel. In the recent case of Riggs v. Meka, 236 Iowa 118, 122, 17 N. W. 2d 101, we briefly discussed such question. There we quoted from the case of Seymour v. City of Ames, 218 Iowa 615, 619, 255 N. W. 874, 876, as follows:

"An estoppel is based upon the idea that one who has made a certain representation or taken a certain position, should not thereafter be permitted to change his position to the prejudice of one who has relied thereon."

See, also, Galt v. Provan, 131 Iowa 277, 108 N. W. 760; Knutson v. Vidders, 126 Iowa 511, 102 N. W. 433; Helwig v. Fogelsong, 166 Iowa 715, 148 N. W. 990; Hess v. Masters, 192 Iowa 1063, 186 N. W. 6; Augustine v. Gold, 188 Iowa 551, 174 N. W. 581; Blackman v. Carey, 192 Iowa 548, 185 N. W. 87.

In the case of Robson v. Kramer, 215 Iowa 973, 245 N. W. 341, the question arose as to the jurisdiction of the court in a divorce proceeding. There this court, Bliss, J., stated that there were but two issues in the case: 1. Did the district court of Polk county have jurisdiction to try and to determine the divorce action? 2. Is the appellant in a position to question the jurisdiction of that court or the validity of the divorce decree?

Answering the first question, this court said that whether or not the Polk county district court had jurisdiction was immaterial and that, even though that decree be wholly void, he (appellant) was not in a position to take advantage of that fact; that he had participated in the securing of the divorce; that he had acquiesced therein; that he had the benefit of whatever rights and privileges accrued to him under the decree; that he had estopped himself to question the decree, and the court will leave him where he placed himself.

We think the Robson case above cited has direct application to the instant case. Appellant acted in procuring the order, he received benefits therefrom, and he should now be left where he placed himself.

In the case of Helwig v. Fogelsong, supra, it was held that a fraudulent intent was not essential to an estoppel. Appellant actively participated in having the court set aside the decree of divorce, following which, for at least seven years, he led appellee to believe that the marital status existed and she, so induced and so acting, carried on in the marital relation. To now permit him in a court of equity to dispute the record and to approve his conduct would be perpetrating a rank injustice. We fully approve the action of the trial court in refusing to sustain appellant's motion and the case is affirmed.—Affirmed.

All JUSTICES concur.