Linda L. Hokin, Plaintiff-Counterdefendant-Appellant, v. John J. Hokin, Defendant-Appellee-Cross Appellant.

Gen. Nos. 52,475, 52,567. (Consolidated.)

First District.

November 14, 1968.

Rehearing denied December 12, 1968.

Lissner, Rothenberg, Reif and Barth, of Chicago (Errol Zavett, of counsel), and Thomson, Thomson & Mirza, of Bloomington (Jerome Mirza, of counsel), for appellant.

Jerome Berkson and Theodore R. Sherwin, of Chicago (Sherwin & Sherwin, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

This appeal and cross-appeal arise from a divorce proceeding between Linda L. Hokin, plaintiff, and John J. Hokin, defendant, and were consolidated for hearing by this court.

On March 15, 1966, plaintiff, through her attorneys, Joseph H. and Norman Becker (attorney-appellees), filed a complaint for divorce charging cruelty on the part of the defendant. On March 18, 1966, plaintiff's attorneys moved for temporary alimony, custody and attorneys' fees. This motion was continued eleven times until June 24, 1966. In the meantime, while the motion was pending, the defendant moved to strike the complaint and an answer thereto was filed by the plaintiff. The trial court denied the motion to strike on June 27, 1966. On the same day, the plaintiff filed an amended complaint based upon the same grounds but changing one of the dates of

the alleged cruelty and joining additional parties as defendants. McDonnell and McDonnell (attorney-appellees), entered their appearance as additional counsel for the plaintiff. Thereafter, defendant filed a motion to strike the amended complaint which was answered by the plaintiff. On November 9, 1966, after notice to all of the attorneys of record, the plaintiff moved the court to substitute Harold Friedman and Melvin Weinstein as her attorneys in place of attorney-appellees. On the same date the following order was entered:

"It is Ordered, Adjudged & Decreed:

"1) That leave be and is granted Harold E. Friedman and Melvin A. Weinstein to substitute their appearance as attorneys for Linda L. Hokin, plaintiff in lieu of McDonnell & McDonnell—Joseph H. & Norman Becker and the Clerk of this Court (is) to strike the appearance of McDonnell & McDonnell & Joseph H. & Norman Becker as attorneys for plaintiff Linda L. Hokin.

"2) That McDonnell & McDonnell and Joseph H. & Norman Becker's rights if any to attorney fees against the defendant is reserved to the hearing on said cause, that upon the hearing of said cause the amount of attorney's fees to be paid to McDonnell & McDonnell & Joseph H. & Norman Becker if any by defendant and the amount of attorney fees to be paid to Harold E. Friedman and Melvin A. Weinstein if any by defendant shall be determined by the court."

The record next discloses that on February 2, 1967, the defendant filed his answer to the amended complaint and on March 13, 1967, the plaintiff filed a motion to dismiss her complaint, after notice to all attorneys, (including the attorney-appellees), claiming that she desired to ef-

fect a reconciliation. While this motion was pending the defendant moved to file a counterclaim for divorce charging desertion (which was to have commenced on March 7, 1966), and the same was filed on March 28, 1967. The next day, attorney-appellees procured the following order:

"Upon motion of the law firm of McDONNELL & McDONNELL and attorneys JOSEPH H. BECKER and NORMAN BECKER, and pursuant to the order of this Court entered on November 9, 1966:

"IT IS HEREBY ORDERED that the question of the amount of the attorney's fees to be paid by the defendant to the law firm of McDONNELL and McDONNELL and attorneys JOSEPH H. BECKER and NORMAN BECKER for services rendered by said attorneys for and in behalf of the plaintiff in this cause, be and the same is hereby set for hearing before this Court on the 8th day of May, 1967, at the hour of 9:30 o'clock A. M., without further notice."

On April 3, 1967, the firm of Lissner, Rothenberg, Reif and Barth were granted leave to file their appearance as additional counsel for the plaintiff. Thereafter the plaintiff filed her answer to the defendant's counterclaim in which she set forth two affirmative defenses, one being condonation and the other was as follows:

". . . 1) That the Counter Defendant is informed and believes that the Counter Plaintiff has committed adultery with one Marcia McNaughton on one or more of the following occasions: March 2, 1967; March 3, 1967; March 4, 1967; March 13, 1967; March 14, 1967; March 15, 1967; March 16, 1967; March 17, 1967; March 18, 1967; March 19, 1967 at one or more of the following places, 55 Green Bay Road, Highland Park, Illinois; 1350 N. Lake

Shore Drive, Chicago, Illinois; Castaway Hotel, Miami Beach, Florida and at other times and places.
. . ."

to which the defendant filed a reply.

On May 8, 1967, the date of trial, the court allowed the plaintiff's motion to dismiss her amended complaint and also, prior to a hearing on the counterclaim, entered the following order:

"Upon motion of Attorneys JOSEPH H. BECKER AND NORMAN BECKER and the law firm of Mc-DONNELL & McDONNELL, and pursuant to order of this Court entered on November 9, 1966, and further pursuant to order of this Court entered on March 28, 1967, setting this cause for trial on the 8th day of May, 1967, at the hour of 9:30 o'clock a. m.; and it appearing that the claim of said attorneys is predicated and based upon legal services rendered by them for and in behalf of the plaintiff in this cause, the claim of said attorneys being as against the defendant herein; and it further appearing to the Court that this cause is set for trial upon the merits on May 8, 1967, at the hour of 9:30 a. m.:

"IT IS ORDERED that the question of said attorneys' fees to be paid by the defendant to said attorneys for their services rendered for and in behalf of the plaintiff in this cause, will remain open for consideration by this Court prior to the entry of a decree, and it is ordered further that no decree shall be entered herein unless and until said attorneys have received notice from the attorneys for the parties to set for hearing the question of said fees and the entry of an appropriate order thereon prior to the entry of any such decree."

On May 11, 1967, a decree of divorce was entered on the counterclaim in favor of the defendant on grounds of

desertion. The decree provided that the plaintiff be forever barred from alimony or any claim whatsoever against the defendant; that jurisdiction be retained to determine the question of child custody and support to be heard upon a date certain; that temporary custody and support be granted to plaintiff with certain visitation privileges to the defendant; and set the amount of appeal bond. The decree did not retain jurisdiction for determination of attorneys' fees, nor was any notice given to the attorney-appellees prior to the entry of the same.

On June 7, 1967, the plaintiff filed her notice of appeal from the decree and thereafter on July 27, 1967, the former attorneys of the plaintiff, attorney-appellees, moved the court to vacate the decree. The record does not disclose any written pleading being filed on this motion. The motion was allowed and the following order was entered:

"This matter coming on to be heard upon the motion of Attorneys Joseph H. Becker, Norman Becker and McDonnell & McDonnell former attorneys for plaintiff to vacate decree entered in this cause on May 11th, 1967 and it appearing to the Court that said decree was presented by the defendant to the Court and entered on said 11th day of May, 1967 contrary to order entered by this Court on May 8th, 1967 requiring defendant to give notice to said attorneys of the presentation of decree so that the question of their fees might be determined. It is ordered that said decree is hereby vacated and set aside. It is further ordered that a hearing as to such fees is set for August 23rd, 1967 at 1 o'clock P. M. without further notice."

On July 31, 1967, the date set for hearing on the permanent custody of the child of the parties, the court on its own motion and after the decree had been vacated entered the following order:

"This cause coming on to be heard upon the contested trial call of this court; and a decree for divorce having been entered herein on May 11, 1967, after a contested hearing; and the court having continued this matter for a determination on the question of permanent custody of the minor child of the parties until this date and the Court has jurisdiction of the parties and of the subject matter hereto.

"UPON THE COURT'S OWN MOTION, IT IS ORDERED:

"1. That the counter plaintiff, JOHN J. HOKIN, file with this court within 15 days of this date, a Bill of Particulars under oath, stating how, when, why and in what manner the counter defendant, Linda L. Hokin, is not fit to be awarded the permanent custody of the minor child of the parties.

"2. That within 15 days thereafter, the counter defendant, Linda L. Hokin, shall file with this court, her answer, under oath, to the Bill of Particulars filed by the counter plaintiff, together with a Bill of Particulars, under oath, stating how, when, why and in what manner the counter plaintiff, John J. Hokin, is not fit to be awarded the permanent custody of the minor child of the parties.

"3. That within 10 days thereafter, the counter plaintiff, John J. Hokin, shall file with this court, his answer, under oath, to the Bill of Particulars filed by the counter defendant.

"4. That thereafter, the counter plaintiff, John J. Hokin, shall obtain evidence depositions encompassing all of the proof to be offered in support of the allegations made by him.

"5. That thereafter, the counter defendant, Linda L. Hokin, shall obtain evidence depositions encompassing all of the proof to be offered in support of the allegations made by her.

"6. That the Court Service Division of the Cook County Department of Public Aid make a full and complete investigation of the parties hereto for the purpose of determining the awarding of the permanent custody of the minor child of the parties in accordance with the best interests and welfare of the said minor child and to report same to the court forthwith.

"7. That there is no just reason to delay the enforcement or appeal from this order."

and on August 23, 1967, entered the following order:

"This matter coming on to be heard upon the motion of Attorneys Joseph and Norman Becker and the law firm of McDonnell & McDonnell for an order upon defendant to pay said attorneys' fees for services rendered for and in behalf of plaintiff in this cause and it appearing to the Court that that (sic) the question of fees has heretofore been reserved for determination under prior orders of this Court, and it appearing to the Court that said services were rendered and that plaintiff is unable to pay attorneys' fees but that defendant is well able to do so, and the Court having heard testimony from said attorneys as to the value of their services and having considered the draft agreement heretofore prepared by the attorney for defendant where said services were fixed at $7,500.00 and the Court being fully advised,

"IT IS ORDERED that defendant pay to said attorneys as their attorneys' fees the sum of $7,500.00."

On August 24, 1967, the defendant filed his notice of appeal from the orders of July 27, 1967, July 31, 1967 and August 23, 1967.

At the hearing on the counterclaim the defendant was called as an adverse witness during the defense of the case. The plaintiff commenced eliciting proof concerning

her affirmative defense of adultery when, without objection or motion, the court stated to the attorneys that paragraph 2 of the answer to the counterclaim would be stricken. In objecting, counsel for the plaintiff apprised the court that the charge of adultery by the defendant, if proved to have taken place during the period of desertion claimed by the defendant, would constitute the affirmative defense of recrimination; however, the court stated that the defense would remain stricken and all questions and answers pertaining thereto would be stricken from the record. Plaintiff attempted to make an offer of proof on the subject but the offer was denied. No explanation is contained in the record as to why the court on its own motion struck the defense and forbid the plaintiff from offering any further proof on the matter.

In the early case of Bast v. Bast, 82 Ill 584, 585 (1876), the Court stated that desertion on the part of one spouse could not exonerate the more serious charge of adultery on the part of the other spouse. Nor could drunkenness or cruelty constitute a sufficient recriminatory defense to the charge of adultery. In Decker v. Decker, 193 Ill 285, 294, 61 NE 1108 (1901), it was held that a charge of adultery in the answer, if proved, would be a bar to a decree of divorce. In Zimmerman v. Zimmerman, 242 Ill 552, 558, 90 NE 192 (1909), the court stated that if it appears at trial, whether set up by pleadings or not, that the party seeking the divorce on grounds of drunkenness and extreme and repeated cruelty has been guilty of adultery the divorce will not be granted. See also, Peck v. Peck, 16 Ill2d 268, 279, 157 NE2d 249 (1959) ; Kovac v. Kovac, 26 Ill App2d 29, 54, 167 NE2d 281 (1960).

In the case at bar the plaintiff was foreclosed from introducing evidence of recrimination when the court ruled as it did on her affirmative defense. As was stated in

Gordon v. Gordon, 141 Ill 160, 30 NE 446 (1892), at page 163:

> ". . . (U)pon what principle of justice can a ruling be sustained which denied a defendant all right to be heard in defense of the case made in the bill? If the court had the power to strike out the answer, it necessarily had the power to refuse to hear any evidence the defendant might offer in answer to the bill or in support of the matters set up in the answer. A rule of this character once established in divorce cases, would not, in our judgment, have a beneficial effect upon the rights of parties, and in many cases the tendency of the rule would be to bring the law into disrepute. Under our practice, divorces are granted and marriage contracts set aside quite as readily as could be desired, if proper regard is given to the well-being of society; but should a defendant be denied the right of all defense for nonpayment of alimony, in many cases, doubtless, divorces would be granted and marriage contracts set aside upon false or insufficient evidence, for the reason the defendant was denied the right to expose a false or fictitious case. It is true that the defendant's counsel was permitted to cross-examine complainant's witnesses, but this did not cure the error. When the answer was stricken out the foundation for the defendant's defense was gone. . . ."

We are of the opinion that the order striking the affirmative defense as well as all questions and answers thereto and entering judgment against the plaintiff was without authority of law.

The defendant argues that the testimony attempted to be introduced against him took place after the time when the one-year desertion period had run and, therefore, was inadmissible. We need not respond to such claim because three of the dates alleged in the affirmative de-

fense took place prior to March 7, 1967, the date alleged by the defendant to be the end of the one-year desertion period and after the court was made aware of this fact it still adhered to its ruling.

■ We conclude that it was reversible error for the court not to allow the plaintiff to introduce proof on the issue of recrimination set forth in her affirmative defense of adultery.

The defendant in his cross appeal contends that the trial court erred in vacating the decree of divorce because it lacked jurisdiction. The jurisdiction is challenged on two grounds, (1) 30 days had elapsed and (2) notice of appeal had been filed. It is further urged that the order granting the former attorneys of the plaintiff the sum of $7,500 had no basis after the plaintiff voluntarily dismissed her complaint; that it was not predicated upon any pleading, petition or proof of any kind and their claim was not made by the plaintiff or on her behalf but by the attorneys for themselves personally. The attorney-appellees counter these charges by claiming that the decree of divorce entered on May 11, 1967, was void because the court ordered the question of their attorneys' fees to be resolved prior to the entry of any decree and also that the award allowed was based upon the court's discretion which was supported by the evidence. The attorney-appellees further argue that section 15 of the Divorce Act (Ill Rev Stats 1965, c 40, § 16) sanctions what the court did in this case.

Section 15 allows the court to reserve the question of attorneys' fees until final hearing of the case, which was done in this case by its order of May 8, 1967. The section further allows the court to make such order with reference thereto as may seem just and equitable regardless of the disposition of the case.

■ The court may after the entry of a decree of divorce, enter a supplemental decree ordering the payment of attorneys' fees where the original decree has retained

215

jurisdiction for such purpose. Consequently, a decree is not "final" to matters which are incidental to the divorce proceedings, Bremer v. Bremer, 4 Ill2d 190, 191–192, 122 NE2d 794 (1954). In the present case, we are of the opinion that the order of May 8, 1967, was tantamount, because of its explicit verbiage concerning the reservation of the question of attorneys' fees to be determined prior to the entry of any decree, to a retention of jurisdiction by the court for such purpose. However, unlike the Bremer case, the attorney-appellees neither filed a written petition for their fees without regard to the decree entered nor did they petition the court to modify or amend the decree but, instead, successfully moved (by what seems to be an oral motion) to vacate the entire decree.* (1)

The motion to vacate was objected to because it was made 76 days after the decree was entered and 50 days after the notice of appeal was filed. The attorney-appellees do not claim that their motion should be considered as a petition under section 72 of the Civil Practice Act (Ill Rev Stats 1965, c 110, § 72). They do claim that the decree was void as to them since they did not receive notice prior to its entry as ordered on May 8, 1967. We cannot agree. The cases cited by the appellee-attorneys do not support the position that a decree of divorce may be vacated 76 days after it is entered and 50 days after a notice of appeal from such decree has been filed, in order to allow the court to include attorneys' fees for past services rendered. The cases do allow the court, where it has retained jurisdiction and a petition is filed for attorney fees, to enter a supplemental order which in no way effects the status of the litigants as far

---

*Footnote (1)—It might here be noted that neither the order vacating the decree nor any subsequent order that we have been able to find from a search of the record has ever reinstated the decree of divorce. We presume that such order does exist, but was not requested of the clerk by any of the parties in their praecipes.

■

as their rights under the decree are concerned. This was done in Bremer v. Bremer, supra.

The trial court, after the lapse of thirty days, does not retain jurisdiction to vacate its decree of divorce, absent any charge of fraud or proper reason under section 72 of the Civil Practice Act, and such reasons were not asserted in the case at bar. Meyer v. Meyer, 409 Ill 316, 319–321, 99 NE2d 137 (1951); Craaybeek v. Craaybeek, 45 Ill App2d 256, 195 NE2d 738 (1963); Bratkovitch v. Bratkovitch, 34 Ill App2d 122, 124–126, 180 NE2d 716 (1962); Hefner v. Hefner, 338 Ill App 179, 181–182, 86 NE2d 885 (1949).

The jurisdiction of the appellate court attaches upon the filing of a proper notice of appeal. Thereafter, except in certain instances, the cause is beyond the jurisdiction of the trial court to vacate a judgment even within thirty days of its rendition. City of Chicago v. Myers, 37 Ill2d 470, 472, 227 NE2d 760 (1967); Dear v. Dear, 87 Ill App2d 77, 79, 230 NE2d 386 (1967); Watson v. Watson, 335 Ill App 637, 639–642, 82 NE2d 671 (1948). See also, 53 IBJ 30 (Sept 1964).

It was error for the court to vacate the divorce decree and for this reason the orders of July 27, 1967, and August 23, 1967, are reversed.

On July 31, 1967, the plaintiff and defendant, along with some 14 witnesses appeared before the court for a hearing on the custody of the minor child of the parties which issue had been set for this day by the court and over which jurisdiction had been retained in the decree of divorce. Instead of hearing the testimony directly or continuing the cause to a future date, the court on its own motion entered the order as set forth above. The plaintiff has expressly waived a reply to the defendants contentions against this order.

It is hard for us to comprehend why a court would not be interested in observing and hearing witnesses testify directly on the issue of the welfare of a

217

minor child prior to determining the permanent custody of such child. We have not been supplied nor have we found any law, be it legislation, case law or court rule, which would allow such procedure when the witnesses are available for examination and cross-examination. Supreme Court rules provide for discovery and evidentiary depositions; however, these are limited to certain purposes and for certain reasons which are not found in the case at bar. The order of July 31, 1967, was error.

The decree entered on May 11, 1967, in case No. 52,475 is reversed and the cause is remanded for a new trial. The orders entered on July 27, 1967, July 31, 1967, and August 23, 1967, in case No. 52,567 are reversed.

Case No. 52,475—reversed and remanded with directions. Case No. 52,567—reversed.

ABRAHAMSON, P. J. and DAVIS, J., concur.