**Ruth A. DARBY, Plaintiff and Appellant,**

v.

**John H. DARBY, Defendant and Appellee.**

**No. 14766.**

Supreme Court of South Dakota.

Considered on Briefs April 10, 1985.

Decided June 26, 1985.

Thomas M. Frankman of Willy, Pruitt, Matthews, Farrell, Frankman & Johnson, Sioux Falls, for plaintiff and appellant.

Sidney B. Strange of Strange & Palmer, Sioux Falls, for defendant and appellee.

WUEST, Acting Justice.

On May 20, 1977, Judge Robert J. Patterson granted Ruth A. Darby (appellant) a final decree divorcing her from John H. Darby (appellee). The decree provided for child custody and made a division of property rights. Almost five years later, the parties filed a petition and stipulation alleging that a reconciliation had been effected, in that they had resumed their marital status and lived together four and one-half years. They waived any property rights acquired under the decree, and asked that the decree of divorce be vacated and held for naught. Judge Patterson then entered an order vacating the decree and restored

the parties "to their married status." Thereafter, on August 14, 1984, appellant commenced an action for divorce from appellee requesting, among other matters, reasonable support for herself. Appellee moved that the order vacating the divorce be declared null and void and the judgment and decree of divorce be reinstated. After a hearing on appellee's motion, the trial court entered an order holding the vacating order null and void. The appellant has appealed and we affirm.

The question presented here is one of first impression in South Dakota. Although it has been passed upon by courts in several other states, there is a difference of opinion regarding a court's power to vacate a decree of divorce upon request of both parties. *See* 3 A.L.R.3d 1216 (1965). *In Matter of Estate of Brother*, 134 Ariz. 536, 658 P.2d 189 (1982), the court analyzed various decisions regarding this issue noting that different state decisions are based upon state statute, policy, or estoppel. The Arizona Court upheld an order vacating a decree of dissolution; however, the petition to set aside the decree was brought within the time limit generally applicable to reopening judgments.

In *Blare v. Blare*, 302 N.W.2d 787 (S.D. 1981), we were confronted with a similar issue regarding alimony and property rights allotted in a divorce decree. In *Blare*, the wife (appellant) sought, among other matters, to vacate or modify the decree as to alimony and property rights. The wife conceded that SDCL 15–6–60(b) imposed a one-year limit on sections (1), (2), and (3) thereof, but sought to bring herself within SDCL 15–6–60(b)(6) to which the one-year limitation does not apply, provided the motion is made within a reasonable time.[1] In *Blare*, we held:

> SDCL 15–6–60 is essentially a restatement of the early policy in this state. *National Surety Corp. v. Shoemaker*, 86 S.D. 302, 195 N.W.2d 134 (1972). In the absence of fraud or other reasons that would apply to any judgment, a divorce decree that divides or allots property or provides for payment of a gross sum in lieu thereof is a final and conclusive adjudication and cannot be subsequently modified. *Holt v. Holt*, 84 S.D. 671, 176 N.W.2d 51 (1970); *Van Diepen v. Van Diepen*, 73 S.D. 366, 43 N.W.2d 499 (1950). Without such a showing, appellant's petition cannot prevail, and it is unnecessary to consider whether her motion to vacate was made within a reasonable time after rendition of the judgment.

302 N.W.2d at 790 (emphasis in original). We went on to say in *Blare* that it is settled law that SDCL 25–4–45[2] provides

---

**1.** SDCL 15–6–60(b) reads:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding *for the following reasons:*
(1) Mistake, inadvertence, surprise, or excusable neglect;
(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under § 15–6–59(b);
(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) The judgment is void;
(5) The judgment has been satisfied, released, or discharged, or a prior *judgment upon* which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) Any other reason justifying relief from the operation of the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. Section 15–6–60 does not limit the power of a court to entertain an independent action to relieve a party *from a judgment, order, or proceeding, or* to grant relief to a defendant not actually personally notified as provided by statute or to set aside a judgment for fraud upon the court.

**2.** SDCL 25–4–45 reads:
*In an action for divorce the court may, before* or after judgment, give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same.

the trial court with authority to modify a decree for support of minor children.[3]

*Blare, supra,* clearly holds that property rights divided by a decree are final. But, because of a special statute, SDCL 25–4–45, authorizing vacation or modification of provisions in a decree relating to custody, care, and education of children, those provisions may be changed. This is so because the statute clearly grants that authority to the court before or *after* judgment, the same as to SDCL 25–4–41, which provides that where a divorce is granted the court may provide support to an ex-spouse and modify its orders from time to time.

By analogy, the dissolution of the res or status of a marriage by a decree of divorce becomes final the same as property rights divided or allotted by it. In the absence of statutory authorization, the court has no jurisdiction or authority to vacate a decree of divorce, except for fraud or other reasons that would apply to any judgment as in SDCL 15–6–60(b).

Appellant claims appellee should be estopped from questioning the order of Judge Patterson. She cites *Staples v. Staples,* 238 Iowa 229, 26 N.W.2d 334 (1947). The cases are similar and the Iowa Court provides some persuasive reasons for applying the estoppel doctrine. In that case, as here, the husband participated in requesting the vacating order and cohabitated with the wife. The Iowa Court said in *Staples:* "Appellant acted in procuring the order, he received benefits therefrom, and he should now be left where he placed himself." 238 Iowa at 236, 26 N.W.2d at 337. We are inclined to agree. Such a conclusion, however, would be the wrong signal to the trial courts of this state and the public. Marriage is a sacred institution, and all sorts of legal uncertainties would arise in the future, particularly as to inheritances.

Further, there is a difference procedurally in *Staples, supra,* as distinguished from the case at bar. In *Staples,* there was no new divorce commenced by the wife, as in this case. The husband merely filed a motion in the original action to set aside the vacating order. Apparently, the Iowa Court decided he should not be playing games in the court system. In any event, in the absence of a statute, we conclude that as a matter of law and public policy we should declare that a divorce is final except on appeal or fraud or some other reason that would apply to any other judgment. *See, e.g., Hokin v. Hokin,* 102 Ill. App.2d 205, 243 N.E.2d 579 (1968); *Bratkovich v. Bratkovich,* 34 Ill.App.2d 122, 180 N.E.2d 716 (1962); *Meyer v. Meyer,* 409 Ill. 316, 99 N.E.2d 137 (1951). There has to be some finality to a divorce decree, except as provided by SDCL 25–4–41 and SDCL 25–4–45. Appellant *may* have some civil remedy other than divorce.[4]

FOSHEIM, C.J., and MORGAN, J., concur.

WOLLMAN and HENDERSON, JJ., concur specially.

WOLLMAN, Justice (concurring specially).

I agree fully with the majority opinion that the trial court lacked authority to vacate the divorce decree upon the stipulation of the parties and that in the circumstances of the case before us the doctrine of estoppel should not be applied against appellee.

---

3. We do not herein restate all the rules concerning modification of a decree in relation to child support, visitation, and other matters included in SDCL 25–4–45, nor all rules applicable to SDCL 25–4–41, as those matters are not at issue in this case.

4. In its order setting aside Judge Patterson's order, the trial court stated it was the court's intention to reinstate the judgment and decree of divorce which had previously been made and entered by Judge Patterson, and it further said the new divorce is "... to be considered as simply a civil action wherein the above-named parties have a right to litigate the question of which of them owns certain items of personal property that may have been accumulated since the date of their divorce one from the other, and shall be considered an action to determine which of the parties shall be responsible for paying certain debts that may have been incurred jointly by the parties since the date of their divorce in 1977...." It further enjoined them from harrassing each other.

There may be cases, however, in which one who has stipulated to the entry of judgment may be estopped from later assailing that judgment. As we held in *Warren Supply v. Duerr, Pliley, Thorsheim Development*, 355 N.W.2d 838, 840 (S.D.1984):

> One who enters into a stipulation or agreement for judgment or who has taken a position in judicial proceedings may not later challenge the judgment or take a position inconsistent with his earlier position.

We pointed out that one of the exceptions to the application of the doctrine of estoppel in such a case is where the court lacked jurisdiction to enter the judgment stipulated to. *See Bernard v. Bernard*, 74 S.D. 449, 54 N.W.2d 351 (1952).*

HENDERSON, Justice (specially concurring).

## CHRONOLOGY

| | |
|---|---|
| Divorce Decree entered: | May 20, 1977 |
| Divorce Decree vacated by Order: | March 12, 1982 |
| March 12, 1982 Order declared a nullity: | September 19, 1984 |

My special writing is moored to a state statute. Under SDCL 15–6–60(b), the March 12, 1982 Order was not entered upon any of the grounds specified in sections (1), (2), and (3) thereof; nor could said order have been entered on any of the grounds in sections (4), (5), or (6), as the motion upon which it was predicated was not made "within a reasonable time." Furthermore, the stipulation contained no facts which would trigger any of the grounds set forth in sections (1) through (6) of said statute. Thus, the September 19, 1984 Order declaring the March 12, 1982 Order to be a nullity was sound. Therefore, I would affirm the divorce court in holding the March 12, 1982 Order to be a nullity; and further affirm the trial court's order in reinstating the Decree of Divorce. I agree with the majority opinion that the appellant may have some civil remedy to determine ownership of property, but question highly that the "new divorce" action, which is now extinct, is a proper vehicle for a determination of property rights (as suggested by the trial court in the proceedings below).

---

\* In *Warren Supply* we erroneously cited *Losee v. Hettich*, 74 S.D. 461, 54 N.W.2d 353 (1952), for this proposition. The citation should, of course, have been to *Bernard v. Bernard, supra.*