**WARREN SUPPLY COMPANY,**
**Plaintiff,**

and

**River View Apartments Partnership,**
**Intervenor and Appellee,**

v.

**DUERR, PLILEY, THORSHEIM DE-**
**VELOPMENT, INC., A South Dakota**
**Corporation, Defendant and Appellant.**

**No. 14425.**

Supreme Court of South Dakota.

Considered on Briefs May 21, 1984.

Decided Oct. 3, 1984.

R. James Krueger, Jr. and Frank Driscoll, Legal Intern of DeVany & Krueger, Vermillion, for intervenor and appellee.

Jerry L. Pollard of Light Law Offices, Yankton, for defendant and appellant.

WOLLMAN, Justice.

This is an appeal by Duerr, Pliley, Thorsheim Development, Inc. (DPT), from a summary judgment entered in favor of River View Apartments Partnership, intervenor (Partnership), and denying DPT's motion for summary judgment. We affirm.

DPT began construction of two twelve-plex apartment houses in Vermillion in 1979. In April of 1980, one of DPT's suppliers commenced a mechanics lien foreclosure action against the apartment houses. This action named as parties Home Trust Savings and Loan Association of Vermillion (Home Trust), mortgagee in the two, one-hundred-eighty-day redemption mortgages executed by DPT, together with certain other lienholders. Additional lien claimants subsequently intervened in the action. The trial court entered an order appointing a receiver on August 5, 1981. DPT thereafter filed a Chapter 11 bankruptcy petition, which made no separate reference to the items of property discussed below, together with a plan of reorganization to convert the apartments to condominiums. This plan was denied by the bankruptcy court. Following the dismissal of the bankruptcy petition, Home Trust moved for summary judgment on the issue of the priority of liens. On February 1, 1983, all of the parties entered into a stipulation regarding their respective claims. Counsel for DPT dictated a stipulation into the record, a portion of which reads as follows:

[T]he mortgagor, the mortgagee, and the respective mechanics lien claimants have arrived at a basis upon which this matter can be settled without further trial. The settlement will occur in segments whereby the respective claimants will stipulate as to the positions they now take and have been allocated by the other parties. The mortgagor, Duerr, Pliley, Thorsheim Development, Inc., will stipulate and agree to the following: That the real estate mortgages held by Home Trust Savings and Loan shall be foreclosed according to South Dakota law. And it is conceded by mortgagor that those mortgages are one hundred and eighty day redemption mortgages. The mortgagee and the respective mechanics lien claimants will advise the court as to the full amount of their claims, which will include interest to the date of this trial. And those sums and amounts will also be stipulated to by mortgagor. The real estate, which consists of two tracts, will

be offered for sale and sold pursuant to South Dakota law, and the mechanics lien claimants will as individuals or as a partnership or other business entity, bid in the parcels for the total amount of the outstanding balance on the real estate mortgages, plus the total amount of the mechanics liens represented by participants in such business entity. And that there will be no deficiencies against mortgagor.

The provisions of the stipulation were incorporated into a judgment entered on February 5, 1983. The judgment decreed that Home Trust was entitled to a sale of the apartment complexes and that the proceeds of the sale be applied first to the payment of the sums due on the mortgages and then to satisfy the mechanics liens. The judgment further provided that Home Trust and the lienholders, by arrangement between them, would appear at the foreclosure sale and bid a sum equal to the total unpaid balance of the mortgage and the liens, together with accrued interest, in the total amount of $490,250.26, with the result that no deficiency judgment would be taken by any of the parties to the action against DPT. Further, the judgment provided that DPT should have the possession of and rents from the premises during the period of redemption.

With respect to the claims of the several lien claimants, the judgment provided as follows:

(4) That each of the following named mechanics lien claimants has a valid lien upon both said Lots 3 and 4 of Block 6 of Ridgecrest Seventh Addition to the City of Vermillion, Clay County, South Dakota in the amount set forth after its name, as follows:

| | |
|---|---:|
| Skogen-Petersen, Inc. | $ 6,357.00 |
| O'Neill & O'Heren Drywall | 15,138.00 |
| Rosebud Manufacturing, Inc. | 14,059.00 |
| Warren Supply Company | 28,255.00 |
| Muth Electric | 20,436.00 |
| Honest John's Morton Interiors | 57,807.00 |
| Vermillion Construction Co. | 15,985.00 |
| Turner Plumbing and Heating | 20,888.00 |
| Ken's Sheet Metal and Heating | 6,520.00 |
| TOTAL | $185,445.00 |

which are junior only to the above described mortgages of Home Trust Savings and Loan Association[.]

Pursuant to this judgment, the property was sold at foreclosure sale on February 18, 1983, for $485,570.04 to Partnership, which had been formed by the several lienholders following the February 1, 1983, stipulation for the purpose of purchasing the apartment complexes at the foreclosure sale.

Following the foreclosure sale, DPT continued to collect the rents from the apartment units during the period of redemption. On July 18, 1983, DPT's counsel notified Partnership that it claimed ownership of twenty-four stoves, twenty-four refrigerators, twenty-four air conditioner units, two coin operated washers and two coin operated dryers as personal property. On August 12, 1983, Warren Supply Company brought an action against DPT for, among other things, a declaratory judgment determining that the above-described appliances, which it had sold to DPT, were fixtures covered by the mortgage foreclosure judgment of February 5, 1983. Thereafter, Partnership intervened in the action. On September 29, 1983, the trial court entered its order denying DPT's motion for summary judgment and granting Partnership's motion for summary judgment, adjudging that Partnership was the sole owner of the above-described appliances. The trial court based its summary judgment upon an implied agreement by DPT that the appliances should pass to the purchasers at the foreclosure sale pursuant to the February 1, 1983 stipulation, and upon the additional ground that DPT was estopped from asserting any ownership interest in the appliances.

DPT contends that pursuant to SDCL 43–33–1 * the stoves, refrigerators, washers and dryers cannot be considered as

permanent fixtures inasmuch as those appliances are not "built in" or connected to the premises except by electrical plugs, hose connections and vent outlets.

DPT argues that because the lien arising from our mechanics lien statute, SDCL 44–9–1, attaches only to real estate and not to personal property, ownership of the stoves, refrigerators, washers, and dryers did not pass to the Partnership pursuant to the foreclosure sale.

Whatever merit this contention might have in other situations, *see, e.g.,* 53 Am. Jur.2d *Mechanics' Liens* §§ 252, 261 (1970), it is not open to DPT to raise that argument here. We agree with the trial court that when one views the entire context of the proceedings, including the fact that DPT did not list in the petition for bankruptcy the disputed items as personal property, a fair reading of the stipulation compels the conclusion that there was an implied agreement on the part of DPT to include the appliances as part of the real estate for the purposes of the foreclosure sale.

 Likewise, we agree with the trial court that DPT is estopped from asserting any ownership rights in the appliances. One who enters into a stipulation or agreement for judgment or who has taken a position in judicial proceedings may not later challenge the judgment or take a position inconsistent with his earlier position. *See generally* 28 Am.Jur.2d *Estoppel and Waiver* §§ 68–70. This rule, whether it is denominated estoppel by judgment, estoppel by record, or by some other term, is applicable in mechanics lien foreclosure proceedings. *Brunecz v. Dileo,* 263 Md. 481, 283 A.2d 606 (1971). Granted that the rule of judicial estoppel has exceptions, *see, e.g., Lawrence v. Vail,* 166 F.Supp. 777 (D.S.D.1958) (lack of identity of parties);

---

* SDCL 43–33–1 provides:

A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines, or shrubs; or imbedded in it, as in the case of walls; or permanently resting upon it, as in the case of buildings; or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws.

DPT concedes on appeal that because the air conditioning units cannot be removed without doing structural damage to the apartment units, they are fixtures and are therefore the property of Partnership.

*Sabot v. Fox*, 272 N.W.2d 280 (N.D.1978) (lack of awareness of nature of the interest waived); *Losee v. Hettich*, 74 S.D. 461, 54 N.W.2d 353 (1952) (lack of jurisdiction to enter the judgment stipulated to); 28 Am. Jur.2d *Estoppel and Waiver* § 70 (1970), none of those limitations is present here. Indeed, we can hardly conceive of a more appropriate situation in which to apply the rule of estoppel by judgment than that presented by the facts of the case before us. To permit DPT to now assert what is at best a highly technical legal argument in the face of an agreement that the parties obviously thought was a resolution of their protracted struggle to establish the priority of their respective liens would run counter to the stipulation, proposed by DPT itself and favorable to its position in that the judgment based thereon precluded the taking of any deficiency judgments. Having agreed to the entry of a judgment declaring that Warren Supply Company had a valid mechanics lien on the property covered by the real estate mortgages, DPT will not now be heard to assert a position inconsistent with that which it took prior to the entry of the judgment of foreclosure.

The judgment is affirmed.

FOSHEIM, C.J., MORGAN and HENDERSON, JJ., and DUNN, Retired Justice, concur.

DUNN, Retired Justice, participating.

WUEST, Circuit Judge, Acting as Supreme Court Justice, not participating.