LAY, Chief Judge.
 

 Plaintiff Linda Gall
 
 [1]
 
 brought suit against defendants South Branch National Bank of South Dakota (the Bank) and Dennis Amdahl, a loan officer with the Bank, alleging fraud, conversion, improper debt collection practices, and malicious prosecution. The district court
 
 [2]
 
 entered summary judgment in favor of both the Bank and Amdahl on each of Linda Gall’s claims. For the reasons discussed below, we affirm in part, reverse in part, and remand to the district court for further proceedings.
 

 Backgound
 

 Because this case came to us on appeal from a grant of motion for summary judgment, we must view the facts and the inferences drawn therefrom in the light most favorable to the nonmoving party, Linda Gall.
 
 See McGee v. Hester,
 
 724 F.2d 89, 91 (8th Cir.1983). The basis of Linda Gall’s suit against Amdahl and the Bank is as follows. In 1978, the Galls gave Amdahl, in his capacity as a loan officer with the Bank, approximately $17,000 and directed Amdahl to apply this amount toward a promissory note held by the Bank. According to Linda Gall’s complaint, she assumed that Amdahl had applied the money as instructed and that the Galls’ promissory note to the Bank had been fully satisfied. Amdahl, however, applied only $2,500 of this amount toward the Galls’ promissory note, using much of the remainder to satisfy a personal debt between himself and Linda’s husband, Lyle.
 

 In 1980, the Galls moved from South Dakota to Arizona. When the Bank learned the Galls had moved, the Bank threatened to sue them for moving from South Dakota property that secured the Galls’ unsatisfied promissory note to the Bank. The Bank commenced a replevin action against the Galls in 1981 and soon thereafter, the Galls filed a bankruptcy petition under Chapter 13.
 
 [3]
 
 In order to overcome the Bank’s objections to the Galls’ Chapter 13 debt adjustment plan, the Galls’ attorney in the bankruptcy proceedings entered into a stipulation with the Bank admitting the Galls owed the Bank $27,-532.89
 
 [4]
 
 and that this debt was secured by a valid perfected security interest in the Galls’ property. The bankruptcy court included this stipulation in its March 1982 order terminating the automatic stay against enforcement of the Bank’s lien and dismissing the Bank’s objections to the Galls’ Chapter 13 plan.
 

 Linda Gall commenced this suit against the Bank and Amdahl on July 10, 1984, alleging fraud, conversion, improper debt collection practices, and malicious prosecution. The district court granted summary judgment in favor of the Bank and Amdahl on each of Linda Gall’s claims, holding that (1) the fraud and conversion claims were rendered res judicata by the stipulation of liability entered into between Galls’ bankruptcy attorney and the Bank; (2) the improper debt collection practices claim was time barred by the statute of limitations, and (3) the malicious prosecution claim was without merit because the Bank’s replevin action against the Galls was not resolved in the Galls’ favor. On appeal, Linda Gall contends that summary judgment was improper because there were several issues of material fact as to the validity of the stipulation and because, in any event, the
 
 *127
 
 stipulation did not bar her fraud and conversion claims against Amdahl.
 
 [5]
 
 Although we affirm the district court’s grant of summary judgment on Linda Gall’s fraud and conversion claims against the Bank, we reverse the grant of summary judgment on her fraud and conversion claims against Amdahl and remand to the district court for further proceedings.
 

 Discussion
 

 The district court held that the stipulation of liability between the Galls’ attorney and the Bank rendered Linda Gall’s fraud and conversion claims against the Bank and Amdahl res judicata. We initially note that neither the principles of res judicata nor the related principles of collateral estoppel are technically at issue.
 
 [6]
 
 Both res judicata and collateral estoppel are premised on a finding that there has been an adjudication
 
 on the merits
 
 in a prior proceeding.
 
 See Schell v. Walker,
 
 305 N.W.2d 920, 922 (S.D.1981);
 
 see also
 
 Restatement (Second) of Judgments § 27 comment e at 257 & § 51 comment f (1982). These doctrines thus do not apply where, as here, the issues or causes of action sought to be precluded in a subsequent proceeding were allegedly determined in a stipulation or a judgment by consent. Rather, the issue here is whether the stipulation between the Galls and the Bank precludes Linda Gall from asserting a position inconsistent with the stipulation in subsequent litigation against the Bank or Am-dahl.
 

 In
 
 Warren Supply Co. v. Duerr, Pliley, Thorsheim Development, Inc.,
 
 355 N.W.2d 838 (S.D.1984), the South Dakota Supreme Court held that one who enters into a stipulation or agreement for judgment or who has taken a position in judicial proceedings may not later challenge the judgment or take a position inconsistent with the earlier position in subsequent proceedings between the same parties.
 
 Id.
 
 at 840. In the stipulation, the Galls admitted that they owed the Bank a total of $27,-532.89 in connection with the promissory note they gave the Bank in 1976. In exchange for this admission, the Bank agreed to drop its objections to the Galls’ Chapter 13 debt adjustment plan. The stipulation expressly states that it “shall govern and control any further dealings” between the Bank and the Galls. Unless the stipulation is invalid, Linda Gall is now clearly es-topped from asserting
 
 against the Bank
 
 that the Bank or its agent Amdahl converted money she and her husband gave Am-dahl in 1978 in satisfaction of the promissory note.
 
 Warren Supply Co.,
 
 355 N.W.2d at 840.
 

 Linda Gall asserts that the stipulation is invalid because her bankruptcy attorney entered into the stipulation without her knowledge or consent. The proper forum for contesting the validity of the stipula
 
 *128
 
 tion, however, is the Arizona bankruptcy court that included the stipulation in the Galls’ bankruptcy judgment. Linda Gall apparently recognized this fact because in March 1985, after she commenced this action against the Bank and Amdahl, the Galls made a motion before the Arizona bankruptcy court to set aside the stipulation and final bankruptcy judgment. The bankruptcy court, treating this as a motion under F.R.Civ.P. 60(b), denied the Galls’ relief. If Linda Gall desired to contest the bankruptcy court’s denial, the proper procedure would have been to file an appeal with the United States District Court for the District of Arizona.
 
 See
 
 28 U.S.C.A. § 158(a) (1985 West Supp.) (jurisdiction of district courts to hear bankruptcy appeals).
 

 This estoppel principle, however, does not preclude Linda Gall from asserting her fraud and conversion claims against Amdahl. An admission in a stipulation, although perhaps admissible in a subsequent proceeding as a statement against interest, does not operate in favor of persons who were not parties to the stipulation.
 
 Lawrence v. Vail,
 
 166 F.Supp. 777, 784 (D.S.D.1958) (cited in
 
 Warren Supply Co.,
 
 355 N.W.2d at 840);
 
 cf.
 
 Restatement Second of Judgments § 51(4) & comment e (1982) (judgment by consent against a plaintiff does not operate as issue preclusion or claim preclusion against one not a party to the agreement even where that person stands in an employer/employee or principle/agent relationship with a party to the consent judgment; exception exists where failure to attribute preclusive effect to the consent judgment would defeat the effect of the stipulation because of principles of indemnity).
 

 Amdahl was not a party to the stipulation and, although the stipulation expressly provides that it shall control all further proceedings between the Bank and the Galls, nothing in the stipulation indicates that by admitting liability to the Bank the Galls thereby waived their potential claims against Amdahl. We therefore hold that the stipulation between the Galls and the Bank does not preclude Linda Gall from asserting her fraud and conversion claims against Amdahl. Thus, we reverse the trial court’s grant of summary judgment in favor of Amdahl on this issue.
 
 [7]
 

 Conclusion
 

 For the reasons discussed above, we affirm the district court’s grant of summary judgment on the fraud and conversion claims against the Bank. We reverse, however, the grant of summary judgment in favor of Amdahl on Linda Gall’s fraud and conversion claims against Amdahl and remand to the district court for a trial on the merits. Each party shall bear its own costs.
 

 [1]
 

 .Linda’s husband, Lyle Gall, was also a party to the original complaint. Lyle Gall was dropped as a plaintiff in the amended complaint and is no longer a party to this action.
 

 [2]
 

 . The Honorable John B. Jones, United States District Judge for the District of South Dakota.
 

 [3]
 

 . The bankruptcy court ultimately converted the case to a Chapter 7 proceeding.
 

 [4]
 

 . This figure included the amount of the original promissory note plus interest, pre-petition attorneys’ fees, and costs.
 

 [5]
 

 . It is unclear whether Linda Gall appeals the district court’s grant of summary judgment in favor of the Bank and Amdahl on her claims of improper debt collection practices and malicious prosecution. In any event, we agree with the district court that the improper debt collection practices claim is barred by the three year statute of limitations applicable to personal injury actions in South Dakota.
 
 See
 
 S.D. Codified Laws Ann. § 15-2-14(3) (1984). We also agree that the malicious prosecution claim is without merit because the Bank’s replevin action against Linda Gall and her husband was not resolved in the Galls’ favor, a threshhold requirement in a malicious prosecution action.
 
 See Terminal Grain Corp. v. Freeman,
 
 270 N.W.2d 806, 809 (S.D.1978).
 

 [6]
 

 . The South Dakota Supreme Court explained the difference between res judicata and collateral estoppel as follows:
 

 First, a final judgment or decree of a court of competent jurisdiction upon the merits is a bar to any future action between the same parties or their privies upon the same cause of action so long as it remains unreversed; and, second, a point which was actually and directly in issue in a former action and was there judicially passed upon and determined by a domestic court of competent jurisdiction cannot be drawn in question in any future action between the same parties or their privies whether the cause of action in the two actions be identical or different.
 

 Schell v. Walker,
 
 305 N.W.2d 920, 922 (S.D.1981) (quoting
 
 Keith v. Willers Truck Service,
 
 64 S.D. 274, 276, 266 N.W. 256, 257-58 (1936) (citations omitted)).
 

 [7]
 

 . Amdahl also contends that Linda Gall lacks standing to assert any claims against him because, as a debtor in a Chapter 7 proceeding, all her property succeeded to the trustee in bankruptcy once the Chapter 7 petition was filed. On December 1, 1983, the trustee of the Galls’ bankruptcy estate executed a bill of sale conveying to the Galls the estate’s equity position in possible litigation against the Bank. Subsequent to oral argument, the trustee filed a Supplemental Report of Trustee's Sale with the bankruptcy court that amended the bill of sale to include the estate’s potential claims against any of the Bank’s agents or employees in their individual capacities. We granted Linda Gall’s motion to make this supplemental report a part of the record on this appeal. Amdahl's contention that Linda Gall lacks standing to bring this claim against him is therefore moot.