In the Matter of PROVINCETOWN–
BOSTON AIRLINE, INC., a/k/a
PBA, Debtor.

Bankruptcy No. 85–617.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 31, 1986.

Harley Riedel, Tampa, Fla., for debtor.

Susan Block-Lieb, New York City, for PEI.

Lloyds Bank International Ltd. c/o Robert W. Clark, Tampa, Fla., for applicant.

Russell Bogue, Tampa, Fla., for Southeast Bank and Bank of Boston.

**ORDER ON APPLICATION OF LLOYDS BANK INTERNATIONAL LIMITED FOR ALLOWANCE OF ONE OF ITS CLAIMS AS AN ADMINISTRATIVE EXPENSE CLAIM AND FOR ORDER DIRECTING PAYMENT OF IT**

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 11 case is an Application of Lloyds Bank International Ltd (Lloyds) for Allowance of One of its Claims as an Administrative Expense. Lloyds seeks payment as a cost of administration priority in the amount of $82,800.00 for the use of two aircraft by Provincetown-Boston Airline, Inc., a/k/a PBA (PBA), the Debtor involved in the above-captioned case. The Court has considered the record, and the stipulated facts submitted by the parties and based on same now finds and concludes as follows:

On March 13, 1985, PBA filed its Petition for Relief under Chapter 11 of the Bankruptcy Code. At the time Lloyds had a purchase money security interest in two Bandeirante Aircraft identified by FAA registration numbers as N98PB and N199PB respectively. The security interest of Lloyd's covered the engines, propellers, and related equipment of the two airplanes. PBA held title to the two aircraft and related equipment. On March 13, 1985, the date of the commencement of this Chapter 11 case, Lloyds was owed the principal sum of $2,357,319.00 by PBA.

It is agreed by the parties that starting on March 13, 1985, and continuing through approximately May 21, 1985, PBA used the two aircraft in connection with its regularly scheduled commercial passenger service operation and derived revenue from the use of the two aircraft. On or about May 21, 1985, PBA delivered possession of the two aircraft to Lloyds. On August 19, 1985,

Lloyds filed its Motion to Lift Automatic Stay. Thereafter, on August 22, 1985, this Court entered an Agreed Order on Lloyd's Motion to Lift Automatic Stay and granted the same authorizing Lloyds to enforce its right against the two aircraft.

Sometime after August 22, 1985, Lloyds sold the two aircraft and the related equipment for $2,188,939.00, less an adjustment of $146,264.00 or for a net price of $2,042,675.00. On November 26, 1985, Lloyds filed several proofs of claims, one of which was an administrative claim in the amount of $82,800.00 (Claim # 518). Lloyds also filed an unsecured deficiency claim in the amount of $314,644.06. Subsequently, on May 27, 1986, Lloyds filed an Amended Proof of Claim for administrative expenses in the amount of $82,800.00 (Claim # 2074).

On July 7, 1986, PBA filed an Objection to both Proofs of Claim for administrative expense of Lloyds and requested an Order Disallowing and Expunging the Proof of Claim and the Amended Proof of Claim in toto. Subsequently, on July 28, 1986, PBA filed an Amended Objection to Proofs of Claim of Lloyds which corrected certain omissions in its first objection. Both objections are directed at Lloyds' right for allowance of an administrative expense claim filed on April 25, 1986. Lloyds' Amended Proof of Claim in paragraph 2 alleges that $82,800.00 is owed by PBA for use and depreciation of the two aircraft between March 13, 1985, and May 21, 1985.

Lloyds bases its argument in opposition of PBA's objection on § 503(b)(1)(A) of the Bankruptcy Code which authorizes administrative expenses and provides as follows:

(b) After notice and a hearing there shall be allowed administrative expenses, other than claims allowed under Section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case.

■ A secured creditor like Lloyds is protected against depreciation of its collateral during the reorganization period

**634**

through other provisions of the Bankruptcy Code. Pursuant to §§ 361 and 362 adequate protection of the creditor's interest may be required through periodic cash payments, replacement liens, or other relief *except* granting of a § 503(b)(1) administrative expense. If adequate protection is not feasible, a creditor may receive relief from the automatic stay pursuant to § 363(e) to repossess its collateral. 11 U.S.C. § 362(d). Moreover, the Court may prohibit or condition the use of property in which the creditor has an interest as is necessary to provide adequate protection of the interest of the secured creditor. Lloyds did *not* request adequate protection from PBA in this case. There is no indication in § 503 which even remotely suggests that an administrative expense priority claim was intended as an optional remedy to adequate protection provided for by § 361 of the Code of a secured creditor's interest in property of the estate. On the contrary, such an allowance is specifically not one which would be acceptable as adequate protection.

■ The same issue was considered in two previous cases and with which this Court concurs: *In re Advisory Information and Management Systems, Inc.,* 50 B.R. 627, 13 B.C.D. 257 (Bankr.M.D.Tenn. 1985); *In re Briggs Transportation Co.,* 47 B.R. 6 (Bankr.D.Minn.1984), which held that § 503(b)(1)(A) cannot be used by a secured creditor to recover the depreciation of collateral between filing and repossession. In *Briggs* court made these observations on this issue:

A contrary rule could create considerable problems. A creditor, or several creditors could either intentionally or unintentionally do nothing regarding seeking relief from the automatic stay or requesting adequate protection for a long period of time including up until a plan was proposed. Then long into the case, the creditors could step forward, make requests for payment of administrative expense which would at that point be a sum which the debtor would be unable to pay. Since § 1129(a)(9)(A) requires that all of the priority administra-

tive expenses be paid in full on the effective date of confirmation, such creditors could effectively veto any plan.

The creditor delayed in making any requests and I think Congress intended the cost of such delay to be borne by the creditor, not the debtor.

A result contra to *Briggs, supra,* was reached in *In re Prime, Inc.,* 37 B.R. 897 (Bankr.W.D.Mo.1984). In *Prime,* the secured creditor seeking an administrative expense had failed to request adequate protection during a twenty-month period after the bankruptcy filing. The *Prime* court held no adequate protection would be granted in the absence of the creditor's request but nevertheless granted administrative expense measured by depreciation of the collateral and "based upon what the creditor contributed to the ongoing business of the debtor." *Prime, supra,* 37 B.R. 899.

This Court finds that the reasoning and holding in *Briggs* and *Advisory Information, supra,* are more persuasive and that *Prime, supra,* is not the correct interpretation of § 503 and § 361 of the Bankruptcy Code. In a Chapter 11 case, the Debtor-in-Possession must use many encumbered assets to operate the business. Even though the secured creditor may be entitled to adequate protection of its lien interest, absent other demonstrated cause, it cannot divest the debtor of its right to use collateral necessary to reorganization *unless* the creditor can show that postpetition retention and use of the collateral will impair the creditor's adequate protection. The secured creditor is not contributing to the estate by allowing a Debtor-in-Possession to use collateral which it already owns and has a statutory right to use.

Based on the foregoing, this Court is satisfied that Lloyds' claim for administrative expense for use and depreciation of two aircraft must be disallowed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Application of Lloyds Bank International Limited for Allowance of One of its Claims as an Administrative

Expense Claim and for Order Directing Payment of it be, and the same is hereby, disallowed.