**In re Russell E. SINCLAIR and M. Marguerite Sinclair, Debtors.**

**Bankruptcy No. BK 85–50136.**

U.S. Bankruptcy Court,
S.D. Illinois.

Nov. 7, 1988.

Paul H. Lauber, Godfrey, Ill., for debtors.

Clifford Emmons, Jerseyville, Ill., for State Bank of Jerseyville.

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

This matter is before the Court on two Petitions for Allowance of Administrative Expenses filed by the State Bank of Jerseyville (hereafter SBJ or movant). It is undisputed that SBJ is an undersecured creditor holding a mortgage on the debtors' farmland. Movant's petitions seek a reasonable rent for the use of its collateral for the calendar years 1987 and 1988, respectively. In the petitions, SBJ claims that it is entitled to this rent as an administrative expense pursuant to 11 U.S.C. § 503(b)(3)(D) because it has made a substantial contribution to debtors' estate in providing the collateral for the debtors' use during the pendency of the bankruptcy proceeding.[1] Movant does not contend that it is entitled to rental payments under any contract or lease agreement. Nor does it argue that it is entitled to these payments as adequate protection.

Movant further claims that even if the payments are not valid administrative expenses, a consent order entered on January 20, 1987, resolving a prior dispute between the parties for the allowance of administrative expenses, decides the matter. In that order, movant and debtors "agree that the [movant] is entitled to compensation for the use of certain mortgaged farmland for the crop year 1986 and it is agreed that debtors will pay to [movant] the sum of $8,640.00 as administrative expenses...." SBJ contends that this order has *res judicata* effect as to its entitlement to administrative expenses for 1987 and 1988.

Accordingly, the Court must first resolve whether the payments sought by movant are permissible administrative expenses. Second, if the payments are not permitted under the Bankruptcy Code, the Court must determine if the consent order operates to allow them under the principle of *res judicata.*

Priority statutes such as 11 U.S. C. § 503 are to be strictly construed. *In re 1 Potato 2, Inc.*, 71 B.R. 615, 618 (Bankr.D. Minn.1987) (citing *Standard Oil Company v. Kurtz*, 330 F.2d 178, 180 (8th Cir.1964)). The burden of proving entitlement to an administrative expense is on the claimant and the standard of proof is a preponderance of the evidence. *In re 1 Potato 2, Inc.*, 71 B.R. at 618 (citing *Matter of Patch Graphics*, 58 B.R. 743, 746 (Bankr.W.D. Wisc.1986)). In the instant case, movant has provided no authority to show that the payment it seeks is in the nature of an administrative expense permitted under § 503(b)(3)(D) or that it has made a substantial contribution to the bankruptcy estate by permitting debtors to use the collateral. Nor has the Court been able to locate any authority supporting movant's position. In fact, the authority which the Court finds to be instructive holds that movant may not be compensated for the debtors' use of the collateral as an administrative expense under the facts of this case.

As noted earlier, this is not a situation where movant is entitled to rent as a matter of leasehold or other contractual right. Nor can § 503 be used to circumvent the requirements of proving entitlement to adequate protection. Thus, in *Matter of Provincetown–Boston Airline, Inc.*, 66 B.R. 632 (Bankr.M.D.Fla.1986), the court disallowed a secured creditor's claim for administrative expense under 11 U.S.C. § 503[2]

---

1. 11 U.S.C. § 503(b)(3)(D) provides:
    (b) After notice and a hearing, there shall be allowed administrative expenses ... including—
        (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—

(D) a creditor ... in making a substantial contribution in a case under chapter 9 or 11 of this title....

2. In *Matter of Provincetown–Boston Airline, Inc.,* 66 B.R. at 632, the creditor was claiming administrative expense entitlement under 11 U.S.C. § 503(b)(1)(A) rather than 11 U.S.C. § 503(b)(3)(D). Section 503(b)(1)(A) authorizes

for the use and depreciation of aircraft which the chapter 11 debtor continued to use and derive revenue from in the operation of its business prior to the creditor obtaining relief from the stay. Reasoning that the creditor—who did not seek adequate protection—was attempting to use § 503 as a method to bypass a request for adequate protection, the court stated that "[t]here is no indication in § 503 which even remotely suggests that an administrative expense priority claim was intended as an optional remedy to adequate protection provided for by the Code of a secured creditor's interest in property of the estate."

Here, SBJ, without a rent clause or proof of entitlement to adequate protection, is attempting to obtain payment for making a substantial contribution to debtors' estate through debtors' continued use of the farmland. However, as the *Provincetown–Boston* court stated:

> [the creditor] cannot divest the debtor of its right to use collateral necessary to reorganization *unless* the creditor can show that postpetition retention and use of the collateral will impair the creditor's adequate protection. The secured creditor is not contributing to the estate by allowing a Debtor-in-Possession to use collateral which it already owns and has a statutory right to use.

*Matter of Provincetown–Boston Airline, Inc.*, 66 B.R. at 634.

Moreover, although given opportunity to do so, SBJ has failed to explain how the payment it seeks differs from postpetition interest on the use value of its collateral proscribed by the United States Supreme Court in *United Savings Ass'n. v. Timbers of Inwood Forest*, —— U.S. ——, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). *Timbers* involved an undersecured creditor whose collateral was appreciating in value and who was receiving postpetition rents under an after-acquired property clause in its security agreement. The creditor contended that it was entitled as well to additional compensation in the nature of adequate protection

under 11 U.S.C. § 362(d)(1) for the use of the proceeds it was deprived of by virtue of the delay in immediate foreclosure on its collateral occasioned by the automatic stay. The Court flatly rejected this interpretation of 11 U.S.C. § 362(d)(1). It held that the undersecured creditor whose collateral was not declining in value during the term of the stay, and who lacked a perfected security interest in postpetition rents, proceeds or profits could not "achieve[ ] the same result by demanding the 'use value' of [its] collateral under § 362." —— U.S. at ——, 108 S.Ct. at 632.

In the instant case, movant seeks payments under 11 U.S.C. § 503(b)(3)(D) rather than 11 U.S.C. § 362(d)(1). However, disguising the request as one for administrative expenses does not change its essential character as a request for postpetition payments for the use of its collateral. SBJ has shown no actual or necessary expenditure nor a substantial contribution to debtors' estate. It has done no more than refrain from immediate foreclosure on its collateral and this is not a compensable forbearance.

Having found that movant is not entitled to an administrative expense under the Bankruptcy Code, the Court must now determine whether the doctrine of *res judicata* is applicable to the payments sought for 1987 and 1988.

■ Initially, it is clear that the doctrine of collateral estoppel rather than *res judicata* governs the matter at hand. The principle of *res judicata* holds that " 'a final judgment or decree of a court of competent jurisdiction upon the merits is a bar to any future action between the same parties or their privies upon the same cause of action so long as it remains unreversed....' " *Gall v. South Branch Nat. Bank of South Dakota*, 783 F.2d 125, 127 n. 6 (8th Cir.1986) (quoting *Schell v. Walker*, 305 N.W.2d 920, 922 (S.D.1981) (citations omitted)). Collateral estoppel is a narrower doctrine. It holds that " 'a point which was actually and directly in issue in a former action and was there judicially

administrative expenses which include "the actual, necessary costs and expenses of preserving

the estate...." *Provincetown–Boston* is not distinguishable from the instant case on this basis.

passed upon and determined by a domestic court of competent jurisdiction cannot be drawn in question in any future action between the same parties or their privies whether the cause of action in the two actions be identical or different.' " *Id.* Here, SBJ is using the collateral estoppel doctrine offensively to attempt to prevent relitigation of the issue of administrative expense entitlement based upon the language in the January 20, 1987 consent order.[3]

There are four requirements which must be met to establish collateral estoppel:

1) the issue sought to be precluded must be the same as that involved in the prior action, 2) the issue must have been actually litigated, 3) the determination of the issue must have been essential to the final judgment, and 4) the party against whom estoppel is invoked must be fully represented in the prior action.

*Klingman v. Levinson,* 831 F.2d 1292, 1295 (7th Cir.1987) (citations omitted). Of these requirements, SBJ has failed to establish that the issue of administrative expense entitlement was actually litigated.

Stipulations entered into as part of a consent judgment satisfy the requirement that the issue be actually litigated only when it is clearly shown that the parties to the consent judgment intended that the consent judgment finally determine the issue. *Id.* at 1296 (citations omitted). Courts have long recognized that parties often enter into consent judgments for reasons other than a disposition of the issues on their merits. *E.g., Balbirer v. Austin,* 790 F.2d 1524, 1527 (11th Cir.1986) (citing *United States v. International Building Co.,* 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182 (1953)). Accordingly, they refuse to grant collateral estoppel effect to a consent judgment unless they are satisfied that the parties intended their agreement to operate as a final adjudication of a particular issue. *Id.* at 1527–28. See also *Klingman v. Levinson,* 831 F.2d at 1296.

In the case before the Court, SBJ has failed to show that the parties' agreement that SBJ be paid a sum as administrative expenses for the use of the mortgaged farmland for 1986 was intended to conclusively determine that this sum qualify as an administrative expense under 11 U.S.C. § 503(b)(3)(D) or that SBJ was entitled to this expense in future years.

IT IS ORDERED that SBJ's Petitions for Allowance of Administrative Expenses are DENIED.

---

3. As will be discussed below, since both *res judicata* and collateral estoppel are premised on a finding that there has been an adjudication on the merits in a prior proceeding, *e.g., Gall v.*

*South Branch Nat. Bank of South Dakota,* 783 F.2d at 127 (citations omitted), a determination as to which applies in the instant case is not critical to the Court's decision in any event.