(No. 31895.

LaVerne Meyer, Appellant, vs. Charles T. Meyer et al.,
Appellees.

Opinion filed May 24, 1951.

Baltz & Guymon, of Belleville, (Harold Baltz, of
counsel,) for appellant.

Jones, Ottesen & Fleming, of Belleville, for appellees.

Mr. Justice Crampton delivered the opinion of the
court:

The appellant's complaint for the partition of real
estate was dismissed by the circuit court of St. Clair County
for want of equity. A freehold estate is necessarily in-
volved.

In 1940, Charles E. Meyer, a widower, and the appel-
lant, a widow, were married. Prior thereto they had
entered into an antenuptial agreement whereby each waived
all interest in the property of the other, presently and
prospectively. On July 14, 1944, the appellant obtained

a divorce from Meyer in the circuit court of St. Clair
County on the ground of desertion. On May 11, 1945,
being nine months and twenty-seven days subsequent to
the decree, the appellant and Meyer jointly petitioned the
circuit court to vacate the divorce decree because they had
become reconciled. The court did as requested on the
same day, and thereafter the two lived together openly as
husband and wife until Meyer died in February, 1948.
His will, dated May, 1942, was admitted to probate in
St. Clair County. That instrument gave nothing to appel-
lant, for the fourth clause thereof stated the fact of the
antenuptial agreement. Appellees Charles T. and Harry
Meyer are sons of Charles E. Meyer by a former marriage
and beneficiaries under the will; the appellee bank is a
party defendant individually and as executor and trustee
under the will.

The appellant renounced the will and elected to take
one third of the real estate as her share. This partition
suit followed. In order for the appellant to prevail in
her suit, she had to prove two things, *i.e.,* that at the time
Charles E. Meyer died she was his lawful wife, and that
the antenuptial agreement was void from its inception.
The circuit court decreed that she was not, at the time,
the wife of Meyer, and the question of whether the agree-
ment was void became moot.

The appellees have filed in this court a motion to dis-
miss the appeal because appellant filed the record on appeal
in this court 101 days after the appeal had been perfected
and not within the sixty days prescribed by Rule 36. The
cause had been referred to a master for the taking of
testimony and to report his findings of fact and conclu-
sions of law to the chancellor. No testimony was taken
or exhibits entered in evidence before the chancellor. The
appellant by her *praecipe* for record asked that there be
incorporated into the record for appeal the transcript of
the testimony and proceedings at the trial of the cause,

the master's report, and all other matter, including exhibits offered at the trial. The appellant, by requests made in apt time, was granted two extensions of time. The purported report of proceedings was nothing more than the original report of the master which was on file in the lower court. The appellees endeavored unsuccessfully to obtain a dismissal of the appeal in the lower court for the same reason assigned here.

It is clear the appellant erred in not realizing that the report of the master is an integral part of the record. (*Central Illinois Public Service Co.* v. *City of Sullivan,* 294 Ill. 101; *Central Illinois Public Service Co.* v. *Swartz,* 284 Ill. 108; *Ferris* v. *McClure,* 40 Ill. 99.) It is the general rule that an appellant cannot extend the period permitted under Rule 36 for filing an appeal record in a court of review by specifying a report of proceeding in a *praecipe* when such report is not necessary or proper. The appellant introduced in evidence the affidavit of a deputy circuit clerk in charge of compiling the records for appeal. Therein it was disclosed that the preparations of records for appeal in three prior appeals from the lower court had precedence in the clerk's office over the preparation of the record for appeal in appellant's case. Work was not started on the appellant's record until a few days before the expiration of the sixty-day limitation for filing records for appeal in this court. Further, due to conditions for which the clerk was in nowise responsible, and for which conditions the appellees were partly responsible, it was impossible to complete the record on appeal so it could have been filed in this court earlier than it was. The appellees did not contest the averments by any counter-suggestions, so they must be accepted as true. We thus have the situation where the extensions of time were necessary because of conditions disclosed in the affidavit of the deputy clerk, and the extensions were granted for the unnecessary purpose of procuring an unnecessary report

of proceedings, the contents of which were already in the record as an integral part thereof. Under those circumstances, coupled with the fact of the appellees' partial responsibility for the delaying conditions confronting the clerk, the motion to dismiss the appeal is denied.

The appellant, in order to sustain the validity of the decree vacating the decree of divorce, contends their joint action and petition *revested* the circuit court with jurisdiction over their persons and over the subject matter, *i.e.,* the divorce action, though more than thirty days had elapsed since the divorce decree became effective. The appellees concede jurisdiction over the petitioners could be bestowed thereby, but not jurisdiction over the subject matter.

The general jurisdiction of courts of equity does not include jurisdiction to grant a divorce. The general jurisdiction stems from the common law; that for divorce is purely a creature of legislative conception *via* the statute. Therefore, one must look to the statute alone and not to general equitable powers of the circuit court to determine the scope of jurisdiction in divorce matters. (*Clubb* v. *Clubb,* 402 Ill. 390; *Anderson* v. *Anderson,* 380 Ill. 435; *Smith* v. *Smith,* 334 Ill. 370; *Smith* v. *Johnson,* 321 Ill. 134.) Neither the Divorce Act (Ill. Rev. Stat. 1949, chap. 40, par. 1 *et seq.*) nor the act of 1933 relating to final judgments (Ill. Rev. Stat. 1949, chap. 77, pars. 82 and 84,) confers upon circuit courts jurisdiction over a divorce case by revestment subsequent to the thirty days following the entry of the final decree of divorce. There is utterly absent from this case any charge of fraud in respect to the divorce proceeding and the entry of the final decree of divorce. Vacation of that decree was desired because the parties to the action became reconciled. Section 1 of the act relating to final judgments explicitly states that every final decree of a court of record in every civil case shall be a conclusive adjudication upon the expiration of thirty days from the date of its rendition.

The appellant cites four cases and presents only *Craven* v. *Craven,* 407 Ill. 252, in her argument. In that case a decree of dismissal was entered for want of prosecution. The case involved the subject of trusts, for it sought to have trusts declared. More than thirty days after the entry of the decree, the plaintiff moved to set it aside. Thereafter the opposing party, without a limited appearance or objection to the court's jurisdiction, participated in further proceedings on the merits. We said, "It is well established that where a court having general jurisdiction over the subject matter loses jurisdiction of a particular case as the result of the expiration of thirty days (or the term) following the entry of a judgment or decree dismissing the action, and where a motion to vacate is pending, the parties may, by appearing voluntarily and participating in further proceedings, revest the court with jurisdiction over their persons and the subject matter of the action." Courts of equity have jurisdiction over the subject of trusts by reason of their general common-law jurisdiction, and not by reason of any statute. The case aids the appellees and not the appellant. The other three cases cited by appellant can all be distinguished either upon the differences in the character of jurisdiction or a difference in facts. One of the three, *Rossiter* v. *Soper,* 384 Ill. 47, caused this court to give some consideration to the jurisdiction of the Appellate Court, and, when it is remembered that the Appellate Court possesses only that jurisdiction conferred by statute, our statement anent that subject is in aid of the appellees in this case.

The appellant argues that public policy is in favor of reconstituting broken homes and should persuade this court to reverse the lower court for that reason. Public policy is in favor, also, of the finality of divorce decrees. The parties to the divorce could have remarried and both items of public policy been followed.

The circuit court of St. Clair County did not err in decreeing the circuit court of that county did not have jurisdiction of the subject matter of the divorce action for the purpose of vacating the final decree of divorce rendered nearly ten months before. Other assigned errors need not be considered. The decree of that court is affirmed.

*Decree affirmed.*