Helen M. Bratkovich, Plaintiff-Appellee, v. Frank J. Bratkovich, Defendant-Appellant.

## Gen. No. 48,454.

First District, Third Division.
February 21, 1962.
Rehearing denied March 21, 1962.

Kalcheim & Kalcheim, of Chicago (Henry A. Kalcheim, of counsel), for appellant.

Alfred M. Loeser, of Chicago, for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

A decree for divorce between the plaintiff and the defendant was entered on October 28, 1957. A petition, signed by both parties, asking that the decree be vacated was filed on December 23, 1957. A stipulation that the decree be set aside was also filed; it was signed by the parties and the attorney for the wife. An order vacating the decree for divorce, approved on its face by both parties and the wife's attorney,

was entered on January 6, 1958. In November 1960 the defendant petitioned the court to expunge the order of January 1958 on the ground that it was void because it had been entered more than 30 days after the divorce decree. The defendant's petition was denied and he has appealed from that order.

The question of whether parties in a divorce case can by agreement revest the court with jurisdiction if more than 30 days have elapsed from the date of the decree was answered by the Supreme Court in Meyer v. Meyer, 409 Ill 316, 99 NE2d 137. In that case a default divorce decree was entered in July 1944, and in May 1945 the parties, who had been reconciled, presented a joint petition to vacate the decree, which was granted by the court. They resumed their marital relationship. In 1948 the husband died; the wife renounced his will and claimed a widow's share of his estate. The court held she was not his wife because the order of May 1945 vacating the divorce decree was void, that the divorce court lost jurisdiction over the subject matter after 30 days had elapsed, and that it could not be revested with jurisdiction by the parties.

The plaintiff attempts to distinguish the Meyer case from the present one upon several grounds, and also places great reliance upon Craven v. Craven, 407 Ill 252, 95 NE2d 489, and Pappas v. Pappas, 340 Ill App 416, 91 NE2d 745. The Craven case involved a resulting trust, not a divorce. The court confirmed the well established rule that after the expiration of 30 days from the entry of a judgment or decree, the parties may by stipulation or by appearing voluntarily and participating in further proceedings, revest the court with jurisdiction over the subject matter of the action as well as over their persons. This rule (and the Craven case) was discussed in the Meyer opinion where the court held that it did not apply to a di-

vorce case because the jurisdiction of a court in divorce matters depends upon the grant of the statute and not upon its general equity powers.

In the Pappas case the plaintiff-wife filed a complaint in the alternative, for divorce or annulment. The parties stipulated that the cause be heard as a default, and on December 6, 1948, a divorce on the grounds of desertion was granted the wife. On December 30, 1948, the divorce decree was changed to a decree for annulment upon motion of the husband. On January 19, 1949, the wife moved to vacate the decree for annulment. In March 1949 the decree of December 30, 1948, for annulment was vacated and the decree of December 6, 1948, for divorce was confirmed. The husband urged on appeal that vacation of the annulment decree was obtained after the expiration of 30 days and was, therefore, a nullity. The Appellate Court held that the statute (Ill Rev Stats 1949, c 110, § 174(7)), prohibiting modification of judgments after the lapse of 30 days, did not apply to judgments entered pro confesso, and that the lower court continued to have equitable jurisdiction to grant motions to vacate such decrees after 30 days. In the present case the divorce complaint was also taken as admitted or confessed. Because of this, the plaintiff argues that the Pappas case is controlling. Without reviewing the reasoning in the court's opinion, it can readily be seen that the Pappas case is of no aid to the plaintiff because (a) the decree which was set aside was not one of divorce but one for annulment, over which the chancery court exercised general equitable jurisdiction; (b) the motion to vacate was entered less than 30 days after the annulment decree was entered, Ill Rev Stats 1947, c 77, § 83; (c) the annulment decree was void because the complaint alleged and the answer admitted that the parties were lawfully joined in marriage; the only ground for annulment

alleged in the complaint was the refusal to cohabit. There was no allegation that the marriage was void or was entered into because of fraud, duress, incapacity or in violation of a statute. Refusal to cohabit cannot be the basis for annulment. The court had no jurisdiction of the subject matter and could not enter an annulment decree. Linneman v. Linneman, 1 Ill App2d 48, 116 NE2d 182; DeVries v. DeVries, 195 Ill App 4.

There was incorporated in the instant divorce decree a property settlement which provided that the defendant execute a quitclaim deed to the plaintiff for certain real estate. Because of this, the plaintiff argues that the divorce decree was changed into a decree for the conveyance of the real estate, or into a decree for partition or one for specific performance, and that, therefore, the Meyer decision is inapplicable. The inclusion of a property settlement in the decree did not change its character. It was a decree for divorce; the disposition of the parties' property was only incidental thereto; it was not a decree over which the court could regain jurisdiction of the subject matter by consent of the parties after the lapse of 30 days.

After the decree was set aside in January 1958, the defendant did not quitclaim the property, which was jointly owned. In her answer to the defendant's petition to vacate the order which set the decree aside, the plaintiff stated that after they resumed married life the property was sold at the defendant's insistence and that he took one-half of the proceeds. Because of this, and his failure to observe other provisions of the decree pertaining to support money and attorney fees, the plaintiff argues that the defendant has benefited from the order of January 1958 and is now estopped from objecting to that order. It is a fundamental principle of law that the question of the jurisdiction of a court as to subject matter

126

or as to parties can be raised at any time either directly or collaterally. Barnard v. Michael, 392 Ill 130, 63 NE2d 858; Howard v. Howard, 304 Ill App 637, 26 NE2d 421. A void decree, judgment or order may be vacated at any time and the doctrine of estoppel does not apply. Cash v. Maloney, 402 Ill 528, 84 NE2d 390; Thayer v. Village of Downers Grove, 369 Ill 334, 16 NE2d 717; Meyer v. Meyer, 333 Ill App 450, 77 NE2d 556. The application of the foregoing rule has been narrowed in some divorce cases where the party attacking the decree for want of jurisdiction has accepted the benefits and privileges of the divorce decree by a remarriage, or where the other party has remarried and the intervening rights of third parties are affected. Pierotti v. Pierotti, 343 Ill App 116, 98 NE2d 875; Guelzo v. Guelzo, 292 Ill App 151, 10 NE2d 881. The present case does not come within either of these exceptions to the general rule concerning void decrees.

■ ■ These same principles apply to the plaintiff's argument that where stipulations are entered into in the course of judicial proceedings or where orders are agreed to, the parties are bound by the stipulations and orders and thereafter cannot take a position inconsistent with their provisions. A great number of cases are cited to support this proposition, but none of them concern a stipulation or an agreed order in proceedings where the court had no jurisdiction over the subject matter. Jurisdiction over the subject matter cannot be conferred by stipulation or consent. Hawkins v. Hawkins, 350 Ill 227, 183 NE 9; San Fillippo v. San Fillippo, 340 Ill App 353, 92 NE2d 201.

■ The defendant did not reply to the defenses raised in the plaintiff's answer to his petition to vacate the order setting aside the decree, and she seeks to invoke section 40(2) of the Practice Act which pertains to pleadings and which states: "Every allega-

127

tion, . . . not explicitly denied is admitted. . . ." Ill Rev Stats 1959, c 110, § 40(2). A failure to reply would admit only the facts well pleaded: the joint petition to vacate the decree, the stipulation to do so and the initialing of the order; the sale of the property with 50 per cent of the proceeds being received by the defendant, his failure to execute a quitclaim deed, to observe the support order and to pay attorney fees. It would not admit the legal conclusion drawn by the pleader, that the defendant is estopped by reason of these facts, from contesting the order which vacated the divorce decree.

The defendant's petition to set aside the order of January 6, 1958, vacating the decree, was filed in November 1960, two years and some ten months later. This lapse of time is the foundation for the plaintiff's final contention that the defendant's petition must fail because it was not presented within the time limitation of section 72 of the Practice Act, which provides for relief from final orders, judgments and decrees after 30 days from their entry. Ill Rev Stats 1959, c 110, § 72. Subsection (3) thereof states that a petition for relief under section 72 ". . . must be filed not later than 2 years after the entry of the order, judgment or decree." Overlooked is the provision of subsection (7) which states: "Nothing contained in this section affects any existing right to relief from a void order, judgment or decree, or to employ any existing method to procure that relief." The right to secure relief from a void order, judgment or decree at any time and by any appropriate method is not affected by section 72 or by subsection (3).

There is no intimation that the divorce proceeding was tainted with fraud. The wife and husband petitioned to have the decree vacated because they wished to resume marital relations. It must be noted, because it bears upon the husband's conduct after

the decree was vacated, that they, in good faith, believed the order was valid and that they were married. They lived as man and wife. Later, the relationship was again disrupted and the husband, under the supposition that they were married, filed a complaint for divorce. Temporary alimony was awarded to his wife, which he paid. The present action was brought some time later.

■ During their resumed life together, they naturally ignored the monetary provisions of the expunged decree. Their home was later sold and the money from the sale was divided. The plaintiff thereby suffered a serious loss, for the property was hers alone under the decree. If the order setting aside the decree is now held for naught, as it must be, the decree remains in full force and effect. The plaintiff is not without adequate remedy to enforce her rights under the decree.

The order of January 6, 1958, will be reversed and the cause remanded with directions to grant the defendant's petition.

Reversed and remanded with directions.

McCORMICK, P. J. and SCHWARTZ, J., concur.