AILENE C. KELLY, Plaintiff-Appellee, *v.* EVERETT C. KELLY,
Defendant-Appellant.

Fifth District    No. 81-220

Opinion filed April 1, 1982.

James B. Wham, of Wham & Wham, of Centralia, for appellant.

Richard Shaikewitz, of Wiseman, Shaikewitz, McGiven and Wahl, P. C., of Alton, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Everett C. Kelly, appeals from an order denying his motion to expunge orders entered June 12, 1974, which vacated a decree of divorce and dismissed the cause in which it was entered. Defendant urges that the trial court lacked subject matter jurisdiction to enter such orders and, as a consequence, they are void. He contends that his divorce from plaintiff, Ailene C. Kelly, on July 5, 1973, therefore remains in effect.

The trial court determined that it retained jurisdiction to vacate its previous divorce decree after the expiration of 30 days after the decree was entered. We reverse.

On July 5, 1973, plaintiff filed a complaint for divorce and defendant filed an entry of appearance, waiving service of process and consenting to the entry of an immediate default judgment. After hearing plaintiff's evidence, the trial court found, *inter alia*, that defendant was guilty of extreme and repeated mental cruelty and granted the divorce.

On June 12, 1974, almost a year later, plaintiff and defendant filed a joint petition to set aside the decree pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72) in which it was alleged that the parties were "mutually mistaken" as to the grounds and reasons for the divorce. The petition was accompanied by the affidavits of both parties, reciting that due to severe emotional strain each of them failed to comprehend the grounds and reasons for their divorce. At the hearing on the petition, the parties reiterated the statements in their affidavits and testified that they wished to resume the marital relationship. The trial court granted the petition and entered orders vacating the divorce decree and dismissing the proceedings.

On August 16, 1979, approximately five years later, plaintiff filed a petition for dissolution of marriage. Defendant responded by filing a motion to dismiss, alleging that the divorce decree entered on July 5, 1973, remained in full force and effect because the trial court lacked subject matter jurisdiction on June 12, 1974, to vacate its decree of divorce. In opposition to defendant's motion, plaintiff argued that the order vacating the divorce decree was valid and resulted in the revival of the marriage. Plaintiff further contended that, in light of the fact that the parties lived together as husband and wife for the past five years, the doctrine of estoppel or laches precluded defendant from attacking the order. The trial court entered an order on January 4, 1980, finding that since the section 72 petition was in proper form and the parties voluntarily entered into the proceedings thereby submitting to the court's jurisdiction, the judgment was valid. Defendant sought leave to appeal this order pursuant to Supreme Court Rule 308 (73 Ill. 2d R. 308), but his request was denied by this court.

On July 9, 1980, defendant filed a motion to expunge the orders entered in the original divorce proceedings which vacated the decree and dismissed the cause and again asserted that these orders were void because the trial court lacked subject matter jurisdiction at the time of their entry. On May 19, 1981, after hearing the arguments of counsel, the trial court denied defendant's motion and stated that the only supreme court decision appearing on point was the case of *Meyer v. Meyer* (1951), 409 Ill. 316, 99 N.E.2d 137, in which the court held that absent an allegation of fraud, the court in a divorce proceeding is divested of jurisdiction to

vacate a decree after the expiration of 30 days from the date of its entry. The trial court then observed that the *Meyer* court based its decision on the distinction between remedies available in a court of equity and those available in a court of law and stated: "While the broad and sweeping language of *Meyer* seems to hold that a divorce court is totally without jurisdiction to vacate a decree of divorce after the expiration of thirty days, this generalization must be confined to the state of the law prior to the abolition of the procedural distinctions between law and equity." The court also noted that the court in *Bratkovich v. Bratkovich* (1962), 34 Ill. App. 2d 122, 180 N.E.2d 716, relied upon by defendant, cited the *Meyer* decision in stating that the parties may not by stipulation revest the court with subject matter jurisdiction. *Bratkovich* was then distinguished by the trial court from the case at bar, and the court observed that there the parties came into court two months after the decree with a stipulation requesting that the decree be vacated.

In this case, the trial court stated:

> "Section 72 of the Civil Practice Act is controlling. In the case at bar, unlike *Meyer*, the parties did not allege the mere fact of reconciliation in support of their Petition, and unlike *Bratkovich*, the parties did not merely stipulate to revest the Court with subject matter jurisdiction. In this case there is a Section 72 petition in statutory form alleging mutual mistake as a proper ground for relief. *Groak vs. Groak*, 64 Ill. App. 2d 439, 212 N.E.2d 139 (First District, 1965). There was a trial on the merits and following the sworn testimony of the parties in support thereof, the Court entered its Order vacating the Decree of Divorce. While there is presently the suggestion of mere reconciliation as the grounds for the Section 72 Petition, at the time the Petition was presented to the Court it was sufficient to confer subject matter jurisdiction. Accordingly, the husband's only form of relief would have been a direct appeal from the Order vacating the Decree or a successive timely Section 72 petition."

It is from this order that defendant appeals.

On appeal defendant urges that the trial court erred by failing to follow the *Meyer* and *Bratkovich* opinions. We agree.

■■ In *Meyer*, the Illinois Supreme Court, observing that jurisdiction in divorce proceedings is purely statutory, held that 30 days after a decree of divorce is entered the trial court cannot be revested with jurisdiction by the parties. Thus, the court has no jurisdiction of the subject matter for purposes of vacating a previously entered divorce decree entered more than 30 days before. Likewise, in *Bratkovich* the court held void an order vacating a divorce decree entered pursuant to stipulation of the parties where more than 30 days had elapsed after the entry of the decree.

Plaintiff contends that *Meyer* and *Bratkovich* do not apply and argues that the trial court correctly distinguished these cases on two grounds: (1) article VI, section 9 of the Illinois Constitution overrules these decisions (Ill. Const. 1970, art. VI, §9), and (2) because the petition to vacate the divorce decree was based on section 72 of the Civil Practice Act, the trial court properly exercised its judicial authority. We reject these distinctions and find *Meyer* and *Bratkovich* dispositive of the instant case.

Plaintiff, citing *English v. English* (1979), 72 Ill. App. 3d 736, 393 N.E.2d 18, argues that since the 1970 Illinois Constitution grants circuit courts "original jurisdiction of all justiciable matters" (Ill. Const. 1970, art. VI, §9) that *Meyer* and its progeny are no longer viable law. In *English*, the court found that the trial court had subject matter jurisdiction of a petition seeking relief in connection with the ownership of marital property. In so holding, the court suggested in *dicta* that the concept of subject matter jurisdiction as set forth in *Meyer* appeared to be altered by the 1962 amendment of article VI of the 1870 Illinois Constitution (Ill. Const. 1870, art. VI (1964), §9). We do not agree and note that Illinois courts have continued to follow the law as stated in *Meyer* subsequent to the enactment of the Illinois constitutional provision upon which the defendant relies. As stated in *Meyer*, equity courts have only such jurisdiction in divorce matters as is conferred by statute (*In re Marriage of Kekstadt* (1980), 85 Ill. App. 3d 952, 407 N.E.2d 746; *Brickey v. Brickey* (1976), 44 Ill. App. 3d 563, 358 N.E.2d 406) and a final divorce decree is a conclusive adjudication after the expiration of 30 days from its rendition (*Waggoner v. Waggoner* (1979), 78 Ill. 2d 50, 398 N.E.2d 5), regardless of whether the parties purport to stipulate or consent to an order vacating the decree. *In re Marriage of Kekstadt.*

Additionally, we observe that the purpose of article VI, section 9 of the Illinois Constitution was to abolish courts of limited jurisdiction and to provide for an integrated trial court structure. (Ill. Ann. Stat., 1970 Const., art. VI, §9, Constitutional Commentary, at 473 (Smith-Hurd 1971).) As defendant points out, there is no indication that this provision was intended to expand subject matter jurisdiction in divorce matters so as to allow trial courts to exercise unlimited jurisdiction after the passage of 30 days. Indeed, this court has specifically noted that the jurisdiction granted by this section will generally terminate after 30 days from the entry of judgment. (*Weilmuenster v. H. H. Hall Construction Co.* (1979), 72 Ill. App. 3d 101, 390 N.E.2d 579.) We conclude that article VI, section 9 of the Illinois Constitution did not effect an abolition of the concept of subject matter jurisdiction. Therefore, we find, pursuant to *Meyer* and *Bratkovich*, that the trial court lacked subject matter jurisdiction to vacate the divorce decree in the instant case.

■■ The question remains whether the result dictated by *Meyer* and *Bratkovich* is affected by the fact that the petition to vacate the divorce decree in this case was filed under the provisions of section 72 of the Civil Practice Act. We conclude that it does not. While we recognize that section 72 constitutes an exception to the general rule that the trial court loses jurisdiction after 30 days (*Spears v. Spears* (1977), 52 Ill. App. 3d 695, 367 N.E.2d 1004), the exception is a limited one and requires that the party proceeding under this section allege and prove a proper ground for relief. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294; *Hokin v. Hokin* (1968), 102 Ill. App. 2d 205, 243 N.E.2d 579.) A section 72 petition will not lie to relieve a party from the consequences of his or her own mistake. (*Brockmeyer v. Duncan.*) Nor was it intended as a remedy for a belated change of mind characterized in the case at bar as a "mutual mistake."

■■ The trial court's reliance on *Groak v. Groak* (1965), 64 Ill. App. 2d 439, 212 N.E.2d 139, is misplaced. In *Groak*, the court held that section 72 relief is appropriate where a written property settlement agreement fails to express the real intentions of the parties because of a mutual mistake. We are aware of no authority, however, supporting the plaintiff's contention that section 72 relief is available to confer jurisdiction upon a trial court to correct a mutual mistake of the parties to a divorce proceeding as to the grounds for divorce. Here, the situation is analogous to *Meyer*, where the parties relied on reconciliation as ground for vacation of a divorce decree. In both *Meyer* and the case at bar the ultimate goal of the parties was to resume their marital status. As the court noted in *Meyer*, the appropriate remedy in such circumstances was remarriage, not judicial action. *Meyer v. Meyer.*

■■ Further, we reject plaintiff's contention that the equitable doctrines of estoppel and laches prohibit defendant from attacking jurisdiction of the trial court. A judgment rendered without subject matter jurisdiction is void and may be vacated at any time without regard to the doctrines of estoppel and laches. *Thayer v. Village of Downers Grove* (1938), 369 Ill. 334, 16 N.E.2d 717; *Meyer v. Meyer* (1948), 333 Ill. App. 450, 77 N.E.2d 556; see also *Bratkovich v. Bratkovich.*

For the above reasons, we reverse the May 19, 1981, order of the circuit court of Madison County and remand the cause with directions to grant defendant's motion to expunge the orders of the trial court vacating the decree of divorce and dismissing the divorce proceeding, entered by the trial court on June 12, 1974.

Reversed.

KARNS, P. J., and JONES, J., concur.