*In re* MARRIAGE OF RICHARD KANE, Petitioner-Appellant, and JO ANN KANE, Respondent-Appellee.

First District (4th Division)   No. 1—91—2341

Opinion filed June 30, 1993.

Arnold B. Stein, Sarane C. Siewerth, Todd R. Warren, and Andrea K. Muchin, all of Schiller, DuCanto & Fleck, of Chicago, for appellant.

Gemma B. Allen and Ronald S. Ladden, both of Pretzel & Stouffer, of Chicago (Robert Marc Chemers and Robert J. Franco, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Petitioner, Richard Kane, appeals from a circuit court order granting a motion for post-judgment relief filed by respondent, Jo Ann Kane. Respondent petitioned the circuit court to vacate its previous judgment for dissolution of marriage. Petitioner contends in this appeal that the circuit court abused its discretion in granting respondent's petition, thereby vacating the judgment of dissolution of marriage.

We reverse and remand.

Petitioner and respondent were married on September 4, 1964. On October 10, 1989, petitioner filed a petition for dissolution of marriage alleging extreme and repeated mental cruelty. Both parties executed a "Stipulation and Request to Hear an Uncontested Cause in Suburban District." After hearing testimony from both petitioner and respondent at the prove up hearing held on November 9, 1989, the trial court found that respondent had been guilty of extreme and repeated mental cruelty. The trial court then entered a judgment of dissolution which incorporated a marital separation agreement previously executed by the parties.

On May 13, 1991, respondent filed a four-count petition to vacate the judgment of dissolution. On June 6, 1991, the trial court ordered the parties to litigate count I, which was entitled "Applicability of Ill. Rev. Stat. Ch. 40, Section 401," and which also alleged that petitioner failed to establish sufficient grounds for the judgment of dissolution. After a hearing on count I, the trial court vacated the judgment for dissolution on June 21, 1991, reasoning that the evidence failed to support the allegation of mental cruelty. Petitioner appealed to this court to reverse the June 21, 1991, order. Subsequently, this court granted petitioner's request for a stay pending appeal.

The sole issue before us now is whether the trial court had jurisdiction to vacate its judgment of dissolution 17 months after the judgment was entered.

■ Generally, a trial court loses jurisdiction over the subject matter in a divorce proceeding after 30 days following the entry of a final order therein. (*Kelly v. Kelly* (1982), 105 Ill. App. 3d 136, 138.) A limited exception to the general rule is section 2—1401 of the Code of Civil Procedure (formerly section 72 of the Civil Practice Act), which allows a party to seek relief from a judgment "after 30 days from the entry thereof." (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401.) In seeking relief under section 2—1401, a party must allege and establish proper grounds for relief. *Kelly*, 105 Ill. App. 3d at 140.

■ In the present case, respondent filed her petition to vacate 17 months after the court entered a judgment for dissolution. Count I of respondent's petition, which is the subject of this appeal, was not based on section 2—1401. Respondent did not allege in count I or at the hearing on the petition that she was entitled to relief under section 2—1401. Hence, the trial court lacked proper jurisdiction to vacate its judgment of dissolution since respondent's petition was filed more than 30 days after the judgment was entered. Notwithstanding, the remaining counts in respondent's petition alleged that she was entitled to relief under section 2—1401. Respondent's allegations of fraud, unconscionable conduct, and newly discovered evidence fall within the purview of relief obtainable in a section 2—1401 proceeding. Here, however, the trial court ordered the parties to litigate count I before proceeding on the remaining counts. Respondent never had an opportunity for a hearing on those counts. Therefore, we remand this cause to the trial court for a hearing on those counts in respondent's petition pertaining to section 2—1401.

Accordingly, we reverse the trial court's order entered June 21, 1991, and remand this cause for further proceedings.

Reversed and remanded.

JIGANTI, P.J., and CAHILL, J., concur.