*In re* MARRIAGE OF MARY C. SCHAUBERGER, Petitioner-Appellee, and CLARENCE A. SCHAUBERGER, Now Deceased (Ex'r of the Estate of Clarence A. Schauberger, Deceased, Respondent-Appellant).

Second District   No. 2—92—1061

Opinion filed December 6, 1993.

Neal W. Cerne, of Mirabella & Kincaid, P.C., of Wheaton, for appellant.

Marshall N. Dickler, Sandra T. Kahn, and Shelley R.Z. Barnett, all of Marshall N. Dickler, Ltd., of Arlington Heights, for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

The executor of the estate of Clarence A. Schauberger appeals from an order denying the executor's motion to expunge or vacate an order entered December 15, 1980, which vacated a dissolution of marriage judgment for Mary C. Schauberger and Clarence A. Schauberger. The executor contends that the order vacating the dissolution of marriage was void because the trial court did not have subject-matter jurisdiction. The sole issue on appeal is whether the trial court had jurisdiction to vacate the dissolution judgment more than 30 days after its entry. For the following reasons, we affirm.

In 1980, Mary C. Schauberger petitioned for dissolution of marriage. The parties stipulated that the matter should be heard as a default, and an order of dissolution was entered on August 29, 1980. On

December 15, 1980, the parties jointly filed a motion to vacate the judgment of dissolution of marriage. The motion to vacate was brought pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72), now section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1992)). The trial court granted the motion to vacate on December 15, 1980, entering an agreed order which stated that the judgment of dissolution was vacated.

Clarence A. Schauberger died in November 1991, and his will was admitted to probate on December 9, 1991. Mary C. Schauberger renounced the will, electing to take her statutory share of the estate. On June 11, 1992, the executor of the estate filed a motion to expunge or to vacate the December 15, 1980, order on the basis that the trial court had been without jurisdiction to vacate the dissolution of marriage judgment. The court denied the executor's motion to vacate, and this appeal followed.

■ Preliminarily, we address three arguments advanced by petitioner, Mary C. Schauberger. First, she argues that since the order vacating the dissolution of marriage judgment was an agreed order, it cannot be set aside unless the party seeking to set it aside shows the order resulted from fraudulent misrepresentation, coercion, incompetence of one of the parties, gross disparity in the position or capacity of the parties, or newly discovered evidence. (See *In re Haber* (1981), 99 Ill. App. 3d 306, 309.) The "agreed order" in this case was actually a proposed draft order of the trial court's determination that there were sufficient grounds to vacate its earlier order. This does not constitute an agreed order as is discussed in *Haber*. In *Haber*, the court noted that an agreed order is a recordation of an agreement between the parties and not a judicial determination of their rights. (*Haber*, 99 Ill. App. 3d at 309.) Because the order vacating the judgment of dissolution of marriage was not a recordation of an agreement between the parties, the rule stated in *Haber* is not applicable. See *Cooper v. Bi-State Development Agency* (1987), 158 Ill. App. 3d 19, 23 (order denying defendant's motion to dismiss was not agreed order as referred to in *Haber* even though parties agreed to order).

■ Petitioner also advances a convoluted argument that since an action for dissolution of marriage abates upon the death of one spouse (see *In re Marriage of Black* (1987), 155 Ill. App. 3d 52, 53), here the vacation of the dissolution action resurrected the dissolution action and then Clarence Schauberger's death abated the dissolution action. We reject this argument. Whether the dissolution of marriage judgment action was vacated is the issue to be resolved by this appeal. By

assuming that the dissolution order had been vacated, petitioner begs the question.

■■ Petitioner further contends that the motion to vacate or expunge is defective on its face as it was brought on behalf of the estate instead of the executor. An estate lacks the capacity to sue or be sued, and any action must be brought by or against the executor or representative of the estate. (*Wisemantle v. Hull Enterprises, Inc.* (1981), 103 Ill. App. 3d 878, 881.) Here, the attorney who appeared and argued on behalf of the motion to vacate or expunge stated that he represented the executor of the estate of Clarence A. Schauberger. This assertion was not challenged by petitioner. In light of these facts, it seems clear that the motion to vacate was brought by the executor, and the designation of the estate as the moving party amounted to a misnomer subject to correction, not dismissal. See Ill. Rev. Stat. 1991, ch. 110, par. 2—401(b) (now 735 ILCS 5/2—401(b) (West 1992)).

Turning to the executor's arguments on appeal, the executor contends that the Illinois Supreme Court case of *Meyer v. Meyer* (1951), 409 Ill. 316, is controlling. In that case, the court held that the trial court had no jurisdiction to vacate a judgment of dissolution of marriage nine months after the entry of the judgment. (*Meyer*, 409 Ill. at 321.) Similarly, in *Bratkovich v. Bratkovich* (1962), 34 Ill. App. 2d 122, 126, the appellate court held that the trial court had no jurisdiction to vacate a judgment of dissolution of marriage more than 30 days after the entry of the judgment. Relying on those two cases, the executor contends that the trial court did not have subject-matter jurisdiction to vacate the dissolution of marriage judgment and therefore the order vacating the judgment of dissolution is void. The executor further argues that the court was not revested with subject-matter jurisdiction by the filing of Clarence and Mary Schauberger's joint petition pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72).

At the time that *Meyer* was decided, there was no procedure for vacating judgments more than 30 days but less than 2 years from the date of the entry of judgment such as is now embodied in section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401 (now 735 ILCS 5/2—1401 (West 1992))), and was formerly embodied in section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72) when the parties in the case at bar sought to vacate the dissolution judgment. Similarly, in *Bratkovich*, the court was not faced with a petition to vacate pursuant to section 72. The *Bratkovich* court relied on *Meyer* to hold that the court had no subject-matter

jurisdiction to enter an order vacating a dissolution of marriage judgment. (*Bratkovich*, 34 Ill. App. 2d at 124.) We also note that in a recent case, *In re Marriage of Kane* (1993), 249 Ill. App. 3d 412, 414, the appellate court held that it had no jurisdiction to vacate a judgment of dissolution 17 months after it was entered on the basis of a petition to vacate not brought pursuant to section 2—1401 of the Code of Civil Procedure. In *Kane*, the trial court had improperly vacated a judgment of dissolution of marriage based on a petition to vacate alleging that the petitioner had failed to establish sufficient grounds for the judgment of dissolution. We must decide whether a different result is mandated in the case at bar because the parties brought the motion to vacate pursuant to section 72 of the Civil Practice Act.

Generally, a trial court loses jurisdiction over the subject matter in a divorce proceeding after 30 days following the entry of a final order therein. (*Kelly v. Kelly* (1982), 105 Ill. App. 3d 136, 140.) However, by application of section 105(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 105(a)), the provisions of the "Civil Practice Act" apply. Therefore, a limited exception to the general rule was provided by section 72 of the Civil Practice Act. That section allowed a party to seek relief from a judgment after 30 days from the entry thereof. (Ill. Rev. Stat. 1979, ch. 110, par. 72 (now 735 ILCS 5/2—1401 (West 1992)).) Section 72 provided in part:

> "Relief from judgments. (1) Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section. *** All relief heretofore obtainable and the grounds for such relief heretofore available, whether by any of the foregoing remedies or otherwise, shall be available in every case, by proceedings hereunder, regardless of the nature of the order or judgment from which relief is sought or of the proceedings in which it was entered. There shall be no distinction between actions and other proceedings, statutory or otherwise, as to availability of relief, grounds for relief or the relief obtainable.

> (2) The petition must be filed in the same proceeding in which the order or judgment was entered but is not a continuation thereof. The petition must be supported by affidavit or other appropriate showing as to matters not of record. All parties to the petition shall be notified as provided by rule.

> (3) The petition must be filed not later than 2 years after the entry of the order or judgment." Ill. Rev. Stat. 1979, ch. 110, par. 72.

The parties in this case filed a joint petition to vacate pursuant to section 72 approximately four months after judgment was entered. In the petition, the parties alleged that "the parties were operating under a misapprehension of facts as to the nature, extent and implications of their actions." The executor relies on the case of *Kelly v. Kelly* (1982), 105 Ill. App. 3d 136, to argue that the parties' change of mind after the judgment is not a sufficient ground for relief under section 72. In *Kelly*, the parties filed a joint petition to set aside the dissolution judgment approximately one year after it was entered. The petition to vacate alleged mutual mistake. The court held that the *Meyer* and *Bratkovich* cases were controlling and the trial court had no jurisdiction to vacate the order of dissolution. (*Kelly*, 105 Ill. App. 3d at 138.) While recognizing that section 72 of the Civil Practice Act was an exception to the rule that the trial court loses jurisdiction after 30 days, the court held that section 72 relief was not available to confer jurisdiction upon a trial court to correct a mutual mistake of the parties to a divorce proceeding. The court stated that section 72 requires that a party proceeding under it allege and prove a proper ground for relief. (*Kelly*, 105 Ill. App. 3d at 140.) We agree with *Kelly* to the extent that it held that a facially deficient petition to vacate brought pursuant to section 72 is not sufficient to invoke the trial court's jurisdiction.

Filing a petition under section 72 does not result in a continuation of the original proceeding, but is a commencement of a new cause of action. A petition filed pursuant to this section constitutes the moving party's pleading. (*Lofendo v. Ozog* (1983), 118 Ill. App. 3d 237, 239.) The jurisdiction of the court to hear a particular controversy is invoked by filing an action. (*In re Marriage of Fox* (1989), 191 Ill. App. 3d 514, 520.) However, courts have refused to treat a motion as a section 72 petition where it is facially deficient, and in this case the petition did not allege facts upon which relief could be granted.

In *B-G Associates, Inc. v. Giron* (1990), 194 Ill. App. 3d 52, 59, the appellate court held that the trial court did not have jurisdiction to consider a second, successive post-trial motion. The appellate court refused to construe the motion as one brought pursuant to section 2—1401 of the Code of Civil Procedure (formerly section 72 of the Civil Practice Act) because it did not introduce new or additional information not contained in the original post-trial motion brought pursuant to section 2—1301 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1301 (now 735 ILCS 5/2—1301 (West 1992))). See also *Mitchell v. Industrial Comm'n* (1992), 232 Ill. App. 3d 943, 949 (mo-

tion for which all relevant facts appear of record is not properly brought pursuant to section 2—1401).

■ While the parties here alleged the presence of facts outside the record to justify their motion to vacate, the allegations were merely "that the parties were operating under a misapprehension of facts as to the nature, extent and implications of their actions." In view of the further statement in the petition that the "parties have reconciled any and all differences that have or may have existed between them," and in view of the parties' request that "they be returned to the status of married persons," it is apparent that the parties were seeking to vacate the judgment of dissolution because they no longer wished to be divorced. The petition is devoid of allegations of facts which could entitle a party to section 72 relief.

A party seeking relief must allege, *inter alia*, the existence of a meritorious defense or claim which was not made to appear at the time the judgment was entered. (*Fox*, 191 Ill. App. 3d at 519.) The purpose of a section 72 petition is to enable a party to bring before the court rendering judgment matters of fact not appearing of record, which, if known to the court at the time judgment was entered, would have prevented its rendition. (*Lofendo*, 118 Ill. App. 3d at 240-41.) There were no allegations of fact present at the time of the dissolution judgment which, if known by the court, would have prevented rendition of that judgment. While we are cognizant that jurisdiction does not depend upon the correctness of the decision (*C & K Distributors, Inc. v. Hynes* (1984), 122 Ill. App. 3d 525, 529, criticized on other grounds, *Torres v. County of Kane, Public Aid Committee* (1985), 130 Ill. App. 3d 296, 298), in this case the petition was not sufficient to invoke the trial court's jurisdiction under section 72.

■ We must now address petitioner's alternative argument that the trial court had jurisdiction over this matter by revestment. The doctrine of revestment is explained as follows:

"[L]itigants may revest a court which has general jurisdiction over the matter with both personal and subject matter jurisdiction over the particular cause after the 30-day period following final judgment during which post-judgment motions must ordinarily be filed. ***

In order for the rule to apply, the parties must actively participate without objection in proceedings which are inconsistent with the merits of the prior judgment." (*People v. Kaeding* (1983), 98 Ill. 2d 237, 240-41.)

It is clear that Clarence and Mary Schauberger actively participated without objection in proceedings inconsistent with the judgment of

dissolution when they filed a motion to vacate the judgment, requesting that the trial court declare them returned to the status of married persons. Respondent's argument that the revestment doctrine does not apply is that the court could not be revested with jurisdiction because it did not have general jurisdiction over the matter. We disagree.

In *Meyer* (409 Ill. at 319), the supreme court held that the revestment doctrine did not apply to confer jurisdiction upon the trial court because courts of equity did not have jurisdiction to grant a divorce. *Meyer* distinguished cases involving trusts where revestment applied because the court had jurisdiction over trusts by reason of their general common-law jurisdiction. (*Meyer*, 409 Ill. at 320.) Petitioner argues that the reasoning of *Meyer* is no longer valid because article VI, section 9, of the 1970 Illinois Constitution (Ill. Const. 1970, art. VI, §9) provides that circuit courts "have original jurisdiction of all justiciable matters." Petitioner contends that the circuit courts now have general jurisdiction to adjudicate dissolution of marriage cases and parties may revest the court with jurisdiction more than 30 days after a judgment if they act inconsistently with the merits of the judgment.

Under article VI, section 9, of the 1970 Illinois Constitution (Ill. Const. 1970, art. VI, §9), circuit courts are courts of general jurisdiction which may adjudicate any justiciable matter coming to them according to the course of common law, as well as any matter over which they are specifically given jurisdiction by statute. (*People v. Byrnes* (1975), 34 Ill. App. 3d 983, 986.) By enacting a statute which creates a right which has no counterpart in common law or equity, the legislature has created a "justiciable matter." (*Skilling v. Skilling* (1982), 104 Ill. App. 3d 213, 219.) In doing so, the legislature is not limiting or precluding a court's jurisdiction over such matters, but is defining the justiciable matter. *Skilling*, 104 Ill. App. 3d at 219.

■ In several dissolution of marriage cases, the appellate court has applied the doctrine of revestment to find jurisdiction in proceedings to modify property settlements. (*Elmore v. Elmore* (1991), 219 Ill. App. 3d 61, 64-65; *In re Marriage of Wharrie* (1989), 182 Ill. App. 3d 434, 436; *In re Marriage of Demond* (1986), 142 Ill. App. 3d 134, 137.) Respondent urges us to distinguish these cases from the instant case because this case does not involve the modification of a property settlement. Respondent points to the fact that section 510 of the Illinois Marriage and Dissolution of Marriage Act allows the modification of the property disposition portion of the judgment, and respondent argues that there is no correlative provision for vacating a dissolution judgment. We do not believe this is a proper distinction supporting a

different result. First, as we have already stated, the Illinois Marriage and Dissolution of Marriage Act incorporated the Civil Practice Act's provisions, including the provision allowing relief under section 72. Therefore, the trial court had a justiciable matter before it. Under article VI, section 9, of the Illinois Constitution, the court had general jurisdiction to adjudicate any justiciable matter, including the vacation of a judgment of dissolution. We hold that the parties' actions revested the trial court with jurisdiction over the matter.

A void judgment is one entered by a court lacking jurisdiction of the parties or the subject matter or by a court which does not have the inherent power to make or enter the particular order involved. A void judgment may be attacked at any time, either directly or collaterally. (*In re Marriage of Fox* (1989), 191 Ill. App. 3d 514, 520.) If the order vacating the judgment of dissolution had been void, the executor could properly challenge the order at this time. However, as we have determined that the order was not void, it is not subject to challenge by the executor at this point in time, approximately 11½ years after the order was entered. See 134 Ill. 2d R. 304(b)(3).

For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

GEIGER and QUETSCH, JJ., concur.