2021 IL App (1st) 192316-U

FIFTH DIVISION
March 19, 2021

No. 1-19-2316

NOTICE:  This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF DANA TAYLOR, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Petitioner-Appellee/Counter-Petitioner, | ) ) | |
| and | ) ) | No. 13 D 4130 |
| JOSEPH TAYLOR, | ) ) ) | |
| Respondent-Appellant/Counter-Respondent. | ) ) | Honorable John Thomas Carr, Judge Presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Cunningham concurred in the judgment.

**ORDER**

¶ 1     *Held:*  The circuit court erred in *sua sponte* modifying the martial settlement agreement when no petition to modify the agreement was pending before it.

¶ 2                                    BACKGROUND

¶ 3     Petitioner Dana Taylor filed a petition for dissolution of marriage seeking dissolution of her marriage with respondent Joseph Taylor. On February 9, 2017, the circuit court entered an order of dissolution of marriage which incorporated a marital settlement agreement (MSA) by reference. Under the dissolution judgment, the court reserved the right to enforce the terms of the

judgment and the MSA. From 2017 to 2019, the parties engaged in contentious litigation over various issues related to child support payments, the children's extra-curricular activities, and each other's compliance with their respective obligations under the MSA. After addressing various minor disputes in a series of orders, the circuit court entered an order which resolved each party's petition for rule to show cause against the other party, and *sua sponte* amended a provision in the MSA relating to the children's extra-curricular activities. Joseph has appealed, contending that the court did not have jurisdiction to alter the MSA. We agree and vacate the order amending the MSA.

¶ 4                                          FACTS

¶ 5     Some of the procedural history leading up to the dispute now before this court is set out in our order resolving an earlier appeal in this case. *In re Marriage of Taylor*, No. 1-15-2796 (2016) (unpublished summary order under Illinois Supreme Court Rule 23(c)). We limit our discussion to those issues necessary to resolve the present dispute.

¶ 6     This appeal involves the court's modification of section 2.7 of the MSA. The original version of that section provided:

> "2.7. *Extracurricular Activity Expenses*. Commencing on the entry date of this Judgment, each party shall pay and be responsible for fifty percent (50%) of the cost of the children's extracurricular activities as set forth in the Joint Custody Judgment until the children's emancipation as defined in Paragraph 2.3 herein. Except as further described herein, extracurricular activity expenses shall include cultural, musical, and/or sports lessons of any kind including, but not limited to clubs and the arts as provided for in the Joint Custody Agreement. Extracurricular activity expenses shall also include any mandatory items that said extracurricular

2

activity requires the children to have before allowing them to participate. The mandatory total contribution for the children's extracurricular activity expenses for each party is up to $2,750.00 per year beginning on September 1st of each calendar year and up to and including August 31st of the following calendar year. In accordance with and pursuant to the parties' Joint Custody Judgment, if an extracurricular activity expense for a child exceeds the mandatory total contribution for a party in a given year as defined herein, then that party who chose said activity shall be solely responsible for the overage. Said mandatory total contribution only applies to extracurricular activity expenses and not mandatory school-related expenses. The parties shall tender via electronic mail on a monthly basis (on the last day of each month) any and all extracurricular activity expenses and proof of payment made by either party, if any, incurred and paid for on behalf of the minor children. Said exchange shall include a breakdown of the expenses incurred and supporting documentation, which shall include an invoice representing the amount owed and proof of payment. Within fourteen (14) days from the exchange (on or before the 15th day of the following month), each party shall reimburse the other for the respective amounts owed as long as the above conditions precedent are met."

¶ 7    On March 23, 2018, Dana filed a three-count petition for rule to show cause against Joseph. Dana's petition requested the following relief: issuance of a rule to show cause as to each count, an order requiring Joseph to comply with his share of certain payments as required by the

MSA; and payment of certain delinquent obligations under the MSA[1]. None of the counts requested modification of the MSA itself.

¶ 8    On April 25, 2019, Joseph filed a petition for indirect civil contempt and other relief, alleging that Dana had not paid her share of certain costs relating to the children's extra-curricular activities. Joseph's petition sought a rule to show cause, a finding that Dana was in contempt of court, sanctions and incarceration for contempt, and attorney fees and costs. Again, nothing in the petition requested modification of the MSA.

¶ 9    Over the next few months, the court entered various orders regarding the children's permitted enrollment in extra-curricular activities. On October 8, 2019, the circuit court entered an order which recited that the case came before it on both Dana's and Joseph's petitions for rules to show cause. While Joseph's petition was captioned as a "petition for indirect civil contempt," rather than a petition for rule to show cause, it is clear from the context of several preceding scheduling orders that the reference in the October 8 order is to the April 25, 2019 petition. The court denied Dana's petition for rule to show cause "as moot", but stated that if Joseph failed to meet future child support obligations within 14 days of the due date, Dana could file another petition for rule to show cause. The court also denied Joseph's petition for rule to show cause.

¶ 10    The order continued:

"D) The court, *sua sponte*, and over the objection of Respondent's counsel, is striking the language of paragraph 2.7 of the parties' Marital Settlement Agreement and replacing it with the following language:

---

[1] In his brief, Joseph states that Dana "purportedly" filed a *pro se* petition for rule to show cause on January 30, 2019. No such petition is contained in the record on appeal. The March 23, 2018, petition for rule to show cause is, however, in the record. Whether the circuit court eventually denied Dana's 2018 or 2019 petition in its final order is not dispositive, because it is clear that the court intended to resolve all pending matters relating to non-compliance with the MSA in its final order.

'Each party shall pay and be responsible for fifty percent (50%) of any registration fees for the children's extracurricular activities until the children's emancipation.'

E) This matter is off call."

¶ 11    Joseph has appealed from the portion of the October 8 order which modified the MSA.

¶ 12                                      ANALYSIS

¶ 13    On appeal, Joseph contends that the circuit court did not have jurisdiction to alter paragraph 2.7 of the MSA because the MSA had been incorporated in a judgment of dissolution of marriage more than two years earlier and neither party had filed a petition to modify the MSA pursuant to section 511 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/511 (West 2018)).

¶ 14    Dana failed to file an appellee's brief by the due date of June 19, 2020. Joseph did not file a motion with this court bringing that fact to our attention or requesting that we take the case on his brief only. Accordingly, this appeal was not assigned to an author and panel until March 8, 2021. Because the record is simple and the claimed errors are such that we can easily decide them without the aid of an appellee's brief, we address the merits of the appeal. See *First Capital Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill.2d 128, 133 (1976).

¶ 15    The issue framed by Joseph requires us to interpret section 511 of the Act, which provides in part:

"Procedure. A judgment of dissolution or of legal separation or of declaration of invalidity of marriage may be enforced or modified by order of court pursuant to petition. (a) Any judgment entered within this State may be enforced or modified in the judicial circuit wherein such judgment was entered or last modified by the

filing of a petition with notice mailed to the respondent at his last known address, or by the issuance of summons to the respondent." 750 ILCS 5/511 (West 2018).

¶ 16    Whether a circuit court has subject matter jurisdiction presents a legal issue which we review *de novo*. *Parmar v. Madigan*, 2018 IL 122265, ¶ 17, citing *J&J Ventures Gaming, LLC v. Wild, Inc.*, 2016 IL 119870, ¶ 25 and *Leetaru v. Board of Trustees of the University of Illinois*, 2015 IL 117485, ¶ 41.

¶ 17    The MSA was incorporated into a judgment of dissolution of marriage, which was a final and appealable order. Generally, the circuit court loses jurisdiction in a dissolution action 30 days after it enters a final order. The court does retain jurisdiction to enforce its order past 30 days when, as here, the judgment order contemplates further performance by the parties. *In re Marriage of Adamson & Cosner*, 308 Ill. App. 3d 759, 764 (1999), citing *In re Marriage of Schauberger*, 253 Ill. App. 3d 595, 599 (1993) and *Anest v. Bailey*, 265 Ill. App. 3d 58, 66 (1994). Section 511 of the Act grants the circuit court jurisdiction to modify a previously entered judgment of dissolution, so long as a modification petition has been filed. *Ottwell v. Ottwell*, 167 Ill. App. 3d 901, 908 (1988). But the Act does not permit modification of a marital settlement agreement unless a section 511 petition has been filed and the required service and notices have been provided. *In re Marriage of Petrik*, 2012 IL App (2d) 110495, ¶ 21 (citing numerous cases). Consequently, the circuit court erred in *sua sponte* modifying the martial settlement agreement when no petition to modify the agreement was pending before it.

¶ 18                                                CONCLUSION

¶ 19    For these reasons, we vacate paragraph D of the October 8, 2019 order of the circuit court.

¶ 20    Vacated.